John D. Bennett, S.
This is a final accounting of the trustees under the will of William G. Holloway, the petitioners herein. The question presented is whether there should be a reimbursement from the income account to the principal account of four residuary trusts under the will of William G. Holloway, with respect to Federal income taxes paid from the principal for the year 1959. This was the result of distributions made from the estate to the principal of the trusts at the end of the year 1959.
A special fund of $15,000' was set up by decree of this court on June 27, 1962 from estate income otherwise distributable to Hilda Holloway, wife of the decedent and primary income beneficiary of the trusts. The purpose of the fund was to make any principal-income adjustments the court might deem appropriate. On the date of Mrs. Holloway’s death, December 9, 1969, the value of the fund, including interest, was $18,000.87.
The trustees and the guardian ad litem on behalf of remaindermen of the trusts agree that the net adjustment, now in question, would be $14,560.27, and could be apportioned over the four residuary trusts as per petitioners’ Exhibit 0. In opposition to the guardian ad litem, the trustees contend no such adjustment should be made. The petitioners rely upon the principle that when the applicable tax statute permits only one method of computing the tax, i.e., where the trustee is not given an option by the statute, the court has no authority to alter its impact (Matter of Dick, 29 Misc 2d 648). The guardian ad litem contends that the results of decisions like the Dick case are inequitable, and appeals to the court’s discretion to make the adjustment.
The Principal and Income Act (formerly Personal Property Law, art. 2-A, presently EPTL 11-2.1 with modifications) became effective June 1, 1965 but is applicable only “ to any receipt or expense received or incurred after [its] effective date ” (Personal Property Law, former § 27-m). Since the expenses here involved were incurred prior to that time, the Principal and Income Act is significant only insofar as it purports to codify *134 existing law or to express rules not inconsistent with existing law (Matter of Lecompte, 52 Misc 2d 549, 550). EPTL 11-2.1 (snbd. [1], par. [4], cl. [C]) provides “ any tax levied upon profits, gain or other receipts allocated to principal notwithstanding denomination of the tax as an income tax by the taxing authority ’ ’ shall be charged against principal. The rule relating to income tax payments codifies the New York decisions (Matter of Lecompte, supra). Accordingly even though the expense was incurred prior to the effective date of the Principal and Income Act, the fact that the Legislature has seen fit to adopt the above-mentioned rule and that it is in effect a codification of prior case law would seem to preclude any argument that the trustees were unreasonable in not making the allocation urged by the guardian ad litem (Matter of Davis, 54 Misc 2d 1065, 1073).
This is not to infer, however, that the trustees would necessarily have been found imprudent had they made the allocation urged by the guardian ad litem provided they were authorized under the will to make such discretionary allocations, since the court will not interfere with an allocation even though it might have exercised the discretion differently in the absence of an abuse of discretion (Matter of Lecompte, supra; EPTL 11-2.1. subd. [a], par. [2]).
Accordingly the objection of the guardian ad litem is overruled and the trustees will not be required to reimburse principal from income because of Federal income tax paid from the principal account as a result of distributions made to principal in the year 1959.