OPINION OF THE COURT
Eve Preminger, S.
In connection with the judicial settlement of the final account of proceedings of the executor of the estate of William K. Jacobs, Jr., the guardian ad litem for an infant beneficiary raises a novel question as to whether an "equitable adjustment” is required as a result of the executor’s allocation of the testator’s $1,000,000 exemption from generation-skipping transfer (GST) tax imposed by chapter 13 of the Internal Revenue Code (26 USC).
The testator died on July 30, 1991, leaving a will dated May 23, 1991 by which he disposes of his approximately $22,000,000 estate. He makes numerous preresiduary bequests, including outright bequests of $163,190.32 to skip persons (see, Internal Revenue Code [26 USC] § 2613), two $300,000 direct skips in trust and two $1,000,000 trusts for nonskip persons, with contingent remainders to skip persons. He leaves his residuary estate to charity. The interests of the guardian ad litem’s ward, an infant grandchild of the testator, include an outright bequest, a $300,000 bequest in trust and a presumptive remainder interest in one half of a $1,000,000 trust.
The will directs that all taxes, including GST taxes, be paid out of the principal of the estate as an expense of administration, without apportionment, thereby allocating all taxes against the charitable residuary legatee. The will expressly authorizes the executor to allocate the GST exemption as he deems appropriate, in his absolute discretion. It also expressly authorizes the executor to make traditional equitable adjustment of principal and income interests with respect to any election to deduct administration expenses on fiduciary income tax returns (see, EPTL 11-1.2), as he deems appropriate in his absolute discretion.
The executor allocated $163,190.32 of the testator’s GST exemption to outright bequests and $300,000 to each of the trusts for skip persons, fully sheltering all direct skips from tax (see, Internal Revenue Code [26 USC] § 2632). He allocated the balance of the exemption (i.e., $236,809.68) to the $1,000,000 trust of which the guardian ad litem’s ward is a presumptive remainderman. Thus, said trust has an inclusion ratio (see, Internal Revenue Code [26 USC] § 2642) of 76.32% and is *743 partially sheltered from GST tax on a possible taxable termination at the death of the income beneficiary (see, Internal Revenue Code [26 USC] §§ 2612, 2622).
The guardian ad litem does not object to the executor’s allocation of the exemption, which, admittedly, represents effective postmortem planning. The allocation maximized the use of the testator’s exemption and saved approximately $1,000,000 in combined GST and estate tax otherwise payable at the testator’s death. The allocation fully sheltered from GST tax the ward’s outright bequest and her $300,000 bequest in trust and partially sheltered the $1,000,000 trust of which she is a presumptive remainderman. She was not disadvantaged by any disproportionate allocation of the exemption visá-vis any other similarly situated beneficiaries.
Nonetheless, the guardian argues that his ward has been harmed, that the charity has reaped a windfall, and that equity requires an adjustment. His reasoning is as follows: Since the tax clause requires the charity to bear the entire tax burden, the direct skips to his ward would have been funded free of GST tax even if none of the GST exemption were allocated to them. From the ward’s perspective, it would have been preferable to have the testator’s entire exemption allocated to the $1,000,000 trust of which she is a presumptive remainderman and also to have had the charity bear the GST tax on her direct skips. The guardian’s analysis assumes that, although the will charges the charity with GST taxes incurred on direct skips at the testator’s death, GST taxes incurred on a subsequent taxable termination will be payable from the trust (see, Internal Revenue Code [26 USC] § 2603 [a] [2]).
By way of adjustment, the guardian proposes that $37,700 of estate income otherwise payable to the charity be added, instead, to the ward’s $300,000 trust. The calculation is a convoluted attempt to formulate the present value of an income stream for the ward’s life on so much of the ward’s theoretical future interest in the trust principal as might be consumed by GST tax upon a taxable termination. The calculation is based on a series of assumptions as to orders of deaths, actuarial life expectancies, likelihood of principal invasions from the trust, a presumed lack of trust appreciation or depreciation, and a presumed lack of any change in the GST tax laws or rates. Further calculations might also be required to adjust the interests of other similarly situated beneficiaries. In reality, depending upon the orders of deaths and/or the *744 exercise by the trustee of discretionary powers of invasion, the ward may have no beneficial interest whatsoever in the trust.
Traditionally, equitable adjustments have been granted to prevent gross inequities in instances where a fiduciary’s tax election, made for the purpose of achieving over-all tax savings for the estate, has the unjust consequence of unfairly burdening one beneficiary, while providing a windfall to another (see, Matter of Holloway, 68 Misc 2d 361, modfg 67 Misc 2d 132; Matter of Warms, 140 NYS2d 169; EPTL 11-1.2). However, courts have declined to require adjustment where it is too complicated, expensive or time consuming, or where the perceived inequity is minimal or conjectural (see, Matter of Sheridan, 32 Misc 2d 38; Carrico and Bondurant, Equitable Adjustments: a survey and analysis of precedents and practice, 36 Tax Lawyer 545, 602-603 [1983]; Dobris, Limits on the Doctrine of Equitable Adjustment in Sophisticated Postmortem Tax Planning, 66 Iowa L Rev 273, 340 [1981]). Here, there is no real inequity to the guardian’s ward and no reason to require the executor to exploit the tax clause of the will to the detriment of the charity, particularly where there is no certainty that any GST tax will be imposed when the trust term ends.
Moreover, since such adjustments purport to be reflective of the testator’s presumed intention, they are not granted where the will provides otherwise (see, EPTL 11-1.2). Here, the testator expressly conferred upon the executor the power to make appropriate allocation of the GST exemption, in his absolute discretion. The sophisticated testamentary plan reflected in the 45-page will suggests that the testator would have provided for an adjustment had he desired that one be made.
For the foregoing reasons, no such adjustment is required under the circumstances of this case. The executor shall supplement his account by affidavit, and as so supplemented the account is settled.