■ In the Matter of the Estate of RUTH M. GREENLEAF, Deceased. CHARLES R. LACHMAN, JR., Appellant; BANKERS TRUST COMPANY et al., Respondents. [681 NYS2d 537] —Decree, Surrogate's Court, New York County (Renee Roth, S.), entered on or about April 18, 1997, settling the account of the executors and awarding legal fees of $372,000, unanimously affirmed, without costs.

The Surrogate correctly denied vacatur of the stipulated agreement with respect to the allocation of the joint bank account held in the testatrix's and her surviving spouse's names, since the objectant failed to raise any triable issue as to fraud, mistake, duress or overreaching (*see, Matter of Guttenplan*, 222 AD2d 255, 256-257, *lv denied* 88 NY2d 812; *Matter of Rebell v Trask*, 220 AD2d 594, 596-598), and, after declining to seek independent counsel after being given the opportunity to do so, was bound by his signature consenting to said agreement (*see, Matter of Holland*, 84 Misc 2d 922, 926-927, *affd* 50 AD2d 735). The court properly declined to construe the settlement agreement in the manner suggested by the objectant, since a reservation of the right to contest the settlement would have rendered the agreement meaningless (*see, Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 589).

Assuming arguendo that the executors should have consulted the Surrogate regarding their election to treat the expenses of selling the testatrix's cooperative apartment as a deduction on the estate tax return rather than as an administrative expense on the fiduciary income tax return (*see, Estate of Vatter v Commissioner of Internal Revenue*, 65 TC 633, *affd* 556 F2d 563; *Matter of Davies*, 148 Misc 2d 37), under the circumstances, any perceived resulting inequity does not warrant any equitable adjustment (*see, Matter of Jacobs*, 161 Misc 2d 741, 744).

Valuation of the personal property selected by the objectant pursuant to the will as of the date of the testatrix's death, rather than as of the date of actual distribution over two years later, was not an improvident exercise of discretion in view of

the objectant's selection of property of a much higher value than that selected by the other residuary beneficiary, thereby preventing the estate from realizing income from any proceeds resulting from the sale of the property selected, as well as the objectant's failure to clearly establish any inequity by setting forth the precise difference in value between the two valuation dates.

The attorney fee award was appropriate, the absence of contemporaneous time records notwithstanding (*cf., Matter of Kelly*, 187 AD2d 718), since none were requested and no legal objection was raised in that respect, and the challenges to the amounts billed were otherwise insufficient to warrant a hearing as to reasonableness (*see, Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137). Any duplication in the amounts billed by the executors' attorney and outside litigation counsel in the litigation involving the defaulting purchaser of the testatrix's cooperative apartment was offset by the undisputed waiver of fees for services rendered during the testatrix's lifetime.

We have considered the objectant's other contentions and find them to be unavailing. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.