■ ROBERT COSTELLO, Respondent, v KAREN KIAER, Individually and as Executrix of RONALD J. KIAER, Deceased, Defendant. MOSSBERG & GLOTZER, Nonparty Appellant. [717 NYS2d 560] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about March 10, 1999, which, to the extent appealed from, denied that branch of nonparty appellant's motion seeking a determination of attorney's fees owed, unanimously reversed, on the law, without costs, and the matter remanded for a hearing to determine the amount of attorney's fees, if any, owed by plaintiff to nonparty appellant law firm.

Contrary to the view of the Supreme Court, the statement in Mossberg's letter dated July 7, 1998 that he needed to "review the file in detail in order to ascertain the exact amount" of time he expended on the case did not constitute an admission that he kept no time records throughout the entire representation; indeed, the agreed-upon switch from hourly compensation to a contingency fee may explain any relaxation in the keeping of contemporaneous time records. In any event, failure to maintain contemporaneous time records would not absolutely preclude Mossberg from recovering fees if other means were available to determine the value of his services (*see, Matter of Greenleaf*, 256 AD2d 179, 180). To whatever extent time records are unavailable, the value of M&G's services may nonetheless be determined based on deposition transcripts and other documents in the file reflecting work by M&G.

A hearing is necessary to determine such value, if any. Of course, at such hearing plaintiff is entitled to offer substantiation of his contention that he discharged M&G for cause, and that M&G is therefore not entitled to any attorney's fees (*see, Campagnola v Mulholland*, 76 NY2d 38, 44). While differences of opinion concerning strategy do not constitute cause for discharging an attorney (*see, Morrison Cohen Singer & Weinstein v Zuker*, 203 AD2d 119), plaintiff has the right to attempt to show that the law firm's conduct constituted a failure to properly represent his interests rather than the exercise of its strategic judgment.

Finally, although M&G's retaining lien as to the case file apparently has been extinguished by its surrender of the file, the

Supreme Court retains jurisdiction, without the need for a plenary action, to determine M&G's entitlement to fees based on its charging lien against any proceeds of this action pursuant to Judiciary Law § 475. It is well established that the charging lien extends to settlement proceeds (see, e.g., *LMWT Realty Corp. v Davis Agency*, 85 NY2d 462, 467; *Haser v Haser*, 271 AD2d 253). Nor is a charging lien precluded due to M&G's failure to expressly assert the charging lien as a basis for its motion. In our view, the branch of M&G's motion seeking a fee award in this action necessarily raised both the retaining lien and the charging lien. Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Saxe, JJ.