■ MELIA ROTHFEDER et al., Respondents, v CITY OF NEW YORK et al., Defendants. BARRY S. GEDAN, ESQ., Nonparty Appellant. [851 NYS2d 430]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered June 26, 2007, which, to the extent appealed from as limited by the briefs, denied appellant's cross motion to disqualify plaintiffs' successor attorneys from receiving fees on the ground of misconduct, and granted the successor attorneys' motion to restore the action to the active calendar for a hearing on allocation of counsel fees between the prior and successor attorneys, allowed the successor attorneys to collect their portion of the settlement proceeds from defendant City of New York, and allowed the immediate disbursement of settlement funds to plaintiffs, unanimously affirmed, with costs.

Appellant was the original attorney retained in the underlying settled action to prosecute a personal injury claim against the City and another defendant. His discharge by plaintiffs resulted in an order entitling him to a charging lien to be determined on a quantum meruit basis. Plaintiffs' successor attorneys thereafter commenced a separate action against a third defendant, which was later consolidated with the instant action, and appellant claims that his charging lien covers the fund obtained by the successor attorneys in a settlement with the later-added defendant.

The successor attorneys committed no ethical violation in taking their fee from the settlement with the later-added defendant. While a charging lien does extend to settlement proceeds (*Costello v Kiaer*, 278 AD2d 50, 51 [2000]), it is enforceable only against the portion of the fund created in that action as a result of the attorney's efforts (*see Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [2005]), and not against the fruition of a distinct cause of action not resulting from his efforts (*City of Troy v Capital Dist. Sports*, 305 AD2d 715 [2003]). Here, the court found that appellant had not commenced the action against the later-added defendant, did not represent or appear on behalf of plaintiffs in that action, nor did he demonstrate that any of the work he performed resulted in the lawsuit against that defendant. Under these circumstances, appellant was entitled to recover in quantum meruit for services rendered in the action only as it involved the City, and he had no right to disqualify the successor attorneys.

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ. [*See* 15 Misc 3d 1137(A), 2007 NY Slip Op 51022(U).]