■ MARK W. OLDENDORF, Appellant, v SANDRA S. OLDENDORF, Defendant. FRIEDMAN AND MANNING, P. C., Respondent. [640 NYS2d 308] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered May 19, 1995 in Albany

County, which directed plaintiff to pay $7,500 in counsel fees to Friedman and Manning, P. C.

In June 1991, plaintiff retained the law firm of Friedman and Manning, P. C. (hereinafter Friedman) to represent him in an action for divorce and related proceedings brought against plaintiff by defendant, his estranged wife. Plaintiff executed a written retainer agreement whereby he was required to pay an initial retainer fee of $5,000, against which he would be billed at the rate of $190 per hour for all services rendered on his behalf. By August 1993, plaintiff had decided to retain new counsel. Friedman informed plaintiff that it would not execute a consent to change attorney form unless plaintiff paid his bill for services rendered, totaling over $10,000; when plaintiff failed to remit payment, Friedman moved pursuant to CPLR 321 (b) for an order of withdrawal as plaintiff's counsel and further moved pursuant to Judiciary Law § 475 for an order enforcing a lien upon plaintiff's cause of action in the sum of $10,570.[1] Plaintiff subsequently made a motion requesting that Dennis Schlenker be substituted as his attorney of record. Supreme Court issued an order directing that plaintiff remit the sum of $7,500 to Friedman, based upon its review of an itemization submitted by Friedman of all legal work performed, and directing Friedman to turn over plaintiff's file to Schlenker.

Plaintiff appeals, contending that Supreme Court erred by awarding Friedman $7,500 in counsel fees without holding a hearing to determine the reasonable amount of compensation due Friedman under the circumstances of this matter. Initially, we reject plaintiff's assertion that Supreme Court should have first determined if Friedman was discharged for cause; that issue was not before the court.[2] The only issue before Supreme Court was the amount, if any, of the appropriate compensation due Friedman (*see, Fields v Casse*, 182 AD2d 738). In cases where a client has demanded the return of files from his or her former attorney, so long as the attorney has not been dismissed for cause he may not be compelled to turn over his files until he has either been paid or until the client has otherwise posted adequate security ensuring payment of the attorney's fees (*see, Cohen v Cohen*, 183 AD2d 802, 803; *Andreiev v Keller*, 168 AD2d 528). The prescribed course in such matters is to hold an

---

1. Since representation commenced prior to November 30, 1993, the fee arbitration provisions set forth in 22 NYCRR part 136 (Matrimonial Rules) do not apply to this case.

2. Supreme Court properly refused to consider an ex parte letter to the court from plaintiff dated November 21, 1994.

expedited hearing to determine the amount due the attorney in quantum meruit and to order payment thereof prior to requiring the attorney to surrender the requested documents (*see, Fields v Casse, supra,* at 739). We conclude that, under the circumstances of this case, Supreme Court erred by not conducting such a hearing.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.