■ WILLIAM ADAMSON, Appellant, v WURTSBORO GARDENS RECREATION CENTER, INC., et al., Defendants. MARK L. SCHULMAN, Respondent. [646 NYS2d 201] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 24, 1995 in Sullivan County, which partially granted plaintiff's motion seeking the return of certain files from his former attorney, Mark L. Schulman.

Mark L. Schulman, an attorney, represented plaintiff for a number of years in a variety of legal matters. Although not entirely clear from the record, it appears that plaintiff applied for return of his legal files in 1992, at which time Schulman was directed by Supreme Court not to further represent plaintiff in any pending matters. By letter dated April 27, 1992, Schulman advised plaintiff that he would return the requested files when plaintiff tendered payment for the legal services rendered and executed the appropriate consent to change attorney forms. Schulman apparently heard nothing from plaintiff until April 1995, at which time plaintiff moved by order to show cause for the return of his files. In response, Schulman indicated that he would turn over plaintiff's files in exchange for either plaintiff's signature upon certain releases or his payment in the amount of $2,337.75, which Schulman contended was due and owing for services rendered. Plaintiff disputed Schulman's calculations, contending that he had paid his bill in full and that Schulman actually owed him a refund. Supreme Court directed Schulman to turn over plaintiff's files as soon as plaintiff executed the appropriate releases or paid Schulman the amount he claimed was due. This appeal by plaintiff followed.

As a starting point, we note that plaintiff, although appar-

ently dissatisfied with Schulman, has not alleged that he discharged Schulman for cause and does not argue that Schulman has no right to compensation. Instead, plaintiff simply disputes the amount of Schulman's fee. To that end, it is well settled that "[i]n cases where a client has demanded the return of files from his or her former attorney, so long as the attorney has not been dismissed for cause he may not be compelled to turn over his files until he has either been paid or until the client has otherwise posted adequate security ensuring payment of the attorney's fees" (*Oldendorf v Oldendorf*, 226 AD2d 790, 791; *see generally*, *Cohen v Cohen*, 183 AD2d 802, 803).

Here, the record reveals outstanding issues with respect to compensation. Plaintiff contends that he has not only paid the bill in full but is entitled to a refund, while Schulman asserts that the payments made by plaintiff were for services not encompassed by the outstanding bill. Additionally, although it appears that Schulman may be willing to forego his fee, it may also be gleaned from the record that plaintiff is unwilling to execute the necessary releases until the compensation issue is put to rest. As this conflict cannot be resolved on the sparse record before us, we deem it appropriate to remit this matter to Supreme Court for a hearing as to the amount of compensation, if any, due Schulman (*cf.*, *Oldendorf v Oldendorf*, *supra*).

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.