■ CHADBOURNE & PARKE, LLP, Respondent-Appellant, v AB RECUR FINANS et al., Appellants-Respondents. [794 NYS2d 349]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 14, 2004, which determined that petitioner was not discharged for cause and referred the matter to a special referee to hear and report as to the reasonable value of services it rendered to respondent AB Recur Finans (ABRF), and that petitioner did not have an enforceable charging lien for its claimed contingency fee, unanimously affirmed, without costs.

Where the client has not established a prima facie case sufficient to raise a triable issue of fact, the question of whether the discharge of counsel was for cause is ripe for summary determination (CPLR 409 [b]; *De Luccia v Village of Monroe*, 180 AD2d 897 [1992]). While ABRF's principal later claimed to have been dissatisfied with the manner in which petitioner pursued the litigation, the letter terminating petitioner's representation did not indicate dissatisfaction with those services at any time

prior to the discharge, and was not indicative of a termination for cause (*see generally Bruk v Albin*, 270 AD2d 441 [2000]; *Matter of New York State Urban Dev. Corp.*, 215 AD2d 310 [1995]). Although Kilpatrick Stockton, LLP later alluded to misconduct by petitioner, its letter was sent months after the discharge, and then only in response to petitioner's assertion of a lien.

Petitioner was not entitled to a charging lien under Judiciary Law § 475. A charging lien is a security interest in the favorable result of litigation (*see Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218 [1997]), giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client (*see LMWT Realty Corp. v Davis Agency*, 85 NY2d 462, 467-468 [1995]). While a charging lien extends to settlement proceeds (*Costello v Kiaer*, 278 AD2d 50, 51 [2000]), it is enforceable only against the fund created in that action (*see Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 187-188 [2002]; *Haser v Haser*, 271 AD2d 253 [2000]; *Butler, Fitzgerald & Potter*, 235 AD2d at 219). "In other words, the litigation or settlement must result in more than the mere entry of a judgment on behalf of a client: there must be proceeds from the litigation upon which the lien can affix" (*Banque Indosuez v Sopwith Holdings Corp.*, 98 NY2d 34, 44 [2002]).

Here, the Andersson action, where petitioner represented ABRF in seeking to recover damages against Judson Warehouse for breach of an agreement not to release a painting, and the Nordstern action, where Kilpatrick Stockton represented ABRF in seeking to recover the proceeds of a policy insuring Judson, are distinct causes of action. The insurance proceeds obtained in the Nordstern action were not created as a result of petitioner's efforts (*cf. Kaplan v Reuss*, 113 AD2d 184, 187 [1985], *affd* 68 NY2d 693 [1986]). Notwithstanding the absence of a charging lien, the court did not err in referring the matter to a special referee to compute the amount due petitioner on a quantum meruit basis (*cf. Matter of Jacob D. Fuchsberg Law Firm v Danzig*, 248 AD2d 178 [1998]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.