■ RICK FRIEDMAN, Appellant, v PARK CAKE, INC., Individually and Doing Business as L'EXPRESS, L'EXPRESS, et al., Defendants. MARK E. SEITELMAN, P.C., et al., Nonparty Respondents. [825 NYS2d 11]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 27, 2005, which granted counsel's motion to withdraw, distribute settlement funds in his possession and receive his legal fee and disbursements, unanimously affirmed, without costs.

Plaintiff agreed to a $90,000 settlement in this personal injury action, but sought to deny compensation to his attorney for the latter's failure to inform him of a medical lien that purportedly reduced his monetary recovery. He argued that this oversight constituted legal misconduct warranting his discharge of counsel for cause.

It is well settled that a client may terminate his relationship with an attorney at any time, with or without cause (*see*

*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]). "Where the discharge is for cause, the attorney has no right to compensation or a retaining lien, notwithstanding a specific retainer agreement" (*id.* at 44). Ordinarily, conflicting claims would necessitate a hearing to determine whether an outgoing attorney was discharged with or without cause (*see Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]). Here, however, plaintiff did not seek termination for cause until after the attorney had already completed his services and had obtained a settlement that was even more favorable than the trial court anticipated.

Both the retainer agreement and the firm's "General Instructions to Our Clients" discussed plaintiff's responsibility for liens, explaining that they would be deducted from any recovery. Plaintiff takes the position that before he accepted the settlement offer, he had no responsibility to question his attorney regarding the breakdown of disbursements, counsel fees or any liens, to obtain an idea what his recovery would be. Instead, he complains that counsel failed to come forward and volunteer information about this particular lien prior to the settlement. While it undoubtedly would be preferable for counsel to identify and discuss any specific liens on a plaintiff's settlement, regardless of whether the client affirmatively asked for that information, the failure to do so is not grounds for depriving counsel of an earned legal fee. We note that at the outset of their attorney-client relationship, defendant law firm clearly warned plaintiff that various liens would be deducted from the ultimate recovery, albeit without specifying a specific lien applicable to the underlying lawsuit. Furthermore, in the absence of any identifiable duty to his client that counsel purportedly breached, the motion court appropriately determined that no hearing was warranted on the question of termination for cause, and plaintiff established no basis for depriving counsel of his fee. Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.