(May 27, 2008)

◼ SHAUNA ALAMI, Respondent, v VOLKSWAGEN OF AMERICA, INC., Defendant. SHANDELL BLITZ BLITZ & BOOKSON, LLP, Nonparty Appellant. [859 NYS2d 472]—In an action, inter alia, to recover damages for wrongful death, the plaintiff's former attorney, Shandell Blitz Blitz & Bookson, LLP, appeals from an order of the Supreme Court, Westchester County (O. Bellantoni,

J.), entered August 14, 2007, which granted the plaintiff's motion to direct it to surrender the plaintiff's file to the plaintiff and, in effect, granted its cross application, in effect, for a retaining lien only to the extent of establishing a charging lien pursuant to Judiciary Law § 475 in an amount to be determined upon resolution of the action.

Ordered that the appeal from so much of the order as granted the plaintiff's motion to compel Shandell Blitz Blitz & Bookson, LLP, to surrender the plaintiff's file to the plaintiff is dismissed as academic; and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the nonparty appellant's cross application, in effect, for a retaining lien only to the extent of establishing a charging lien pursuant to Judiciary Law § 475 in an amount to be determined upon resolution of the action is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for an expedited hearing in accordance herewith and a new determination of the nonparty appellant's cross application, in effect, for a retaining lien; and it is further,

Ordered that one bill of costs is awarded to the nonparty appellant.

Because the nonparty appellant Shandell Blitz Blitz & Bookson, LLP (hereinafter the appellant), surrendered the plaintiff's file to the plaintiff, the appeal from so much of the order as directed it to surrender the file has been rendered academic (*cf. Kalish v Lindsay,* 47 AD3d 889 [2008]).

In opposition to the plaintiff's motion to direct it to surrender the plaintiff's file to the plaintiff, the nonparty appellant made a cross application, in effect, for a retaining lien. The plaintiff alleges that the appellant was discharged for cause. If it is established that the appellant was discharged for cause, then the appellant would not be entitled to compensation or a lien (*see Callaghan v Callaghan,* 48 AD3d 500 [2008]). Because this issue cannot be resolved on the instant record, the Supreme Court was required to conduct a hearing to determine whether the appellant was discharged for cause and, if not, the appropriate compensation, including disbursements to which the appellant is entitled and the manner in which it should be paid (*see Klein v Eubank,* 87 NY2d 459 [1996]; *Deerr-Matos v Viswanathan,* 7 AD3d 561 [2004]; *Lansky v Easow,* 304 AD2d 533 [2003]). Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.