■ CITIDRESS II, Also Known as CITIDRESS II CORP., as Assignee of EASTBANK, N.A., Formerly Known as FIRST EASTERN BANK, N.A., Appellant-Respondent v 207 SECOND AVENUE REALTY CORP. et al., Defendants. HINSHAW & CULBERTSON LLP, Nonparty Respondent-Appellant; BLEAKLEY PLATT & SCHMIDT, LLP, Nonparty Respondent. (And Another Action.) [875 NYS2d 1]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about October 25, 2007, which granted the motions of nonparties Hinshaw & Culbertson LLP (H&C) and Bleakley Platt & Schmidt, LLP (BP&S) to fix charging liens in the amounts of $199,805.53 on behalf of H&C, $19,878 on behalf of Harvey Krasner, Esq., and $64,885.26 on behalf of BP&S, and denied that branch of H&C's motion that sought sanctions against Citidress, unanimously affirmed, with costs.

The special referee's determination of the legal fees owed to plaintiff mortgagee Citidress II by defendant mortgagor 207 Second Avenue Realty Corp. in connection with the foreclosure sale of the mortgaged premises, which determination was expressly based on the terms of the mortgage agreement, did not have a preclusive effect on the claims for unpaid legal fees asserted against Citidress by its various counsel, pursuant to

their respective retainer agreements, who were neither parties to the proceedings before the special referee nor privies to the mortgage agreement.

The proof submitted by the various counsel in support of fixing their charging liens included letters of engagement or retainer agreements, copies of their regular monthly invoices, and affirmations stating that monthly invoices were forwarded to Citidress and that no objections were received from Citidress as to the accuracy and the quality of the work set forth in the invoices (*see generally Bartning v Bartning*, 16 AD3d 249 [2005]). Further, in its posthearing memorandum to the special referee (prepared by new counsel), Citidress confirmed its position that the invoiced attorney fees were reasonable and accurate and that Citidress had no objection to them. The self-serving claim of Citidress's principal, Oleg Kobylevsky, that he had asserted regular objections to the bills was unsupported (*see generally Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *Milistar [NY] Inc. v Natasha Diamond Jewelry Mfrs., LLC*, 18 AD3d 402 [2005]). Indeed, while Kobylevsky claimed that he and H&C had agreed to a flat fee of $35,000 for perfecting the appeal from a decision denying Citidress's motion for summary judgment, there was no writing memorializing this alleged significant change in fee terms, and H&C continued to bill Citidress hourly for its appellate work without objection from Citidress. To the extent the referee found some of the challenged legal work to have been unnecessary or duplicative, that finding was based in part on Citidress's frequent changes of counsel, and, in any event, Citidress failed to timely challenge the bills in writing as required by the retainer agreements.

The court properly denied H&C's motion for sanctions against Citidress for submitting an allegedly fraudulent memorandum by Kobylevsky. On this record, it cannot be determined that the memorandum was fraudulent.

As it is a moot point, we do not reach H&C's contention that Citidress should be judicially estopped from challenging the legal fees based on its aforementioned posthearing memorandum attesting to the reasonableness of those fees. Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.