SCHNEIDER, KLEINICK, WEITZ & DAMASHEK, as Successor in Interest to SCHNEIDER, KLEINICK, WEITZ, DAMASHEK & SHOOT, Respondent, v HOWARD A. SUCKLE, ESQ., Appellant, et al., Defendant. [917 NYS2d 124]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 9, 2010, which, to the extent appealed from as

limited by the briefs, denied defendant-appellant's motion to dismiss the complaint and granted plaintiff's cross motion for summary judgment to enforce an attorney's lien under Judiciary Law § 475, unanimously affirmed, with costs.

The plaintiff law firm, which was attorney of record for the prevailing plaintiff in an underlying wrongful death action from the litigation's inception through the jury verdict, possessed a charging lien under Judiciary Law § 475, pursuant to which it could collect its fees and disbursements (*see Klein v Eubank*, 87 NY2d 459, 462 [1996]; *Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 223 [2005]; *Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219 [1997]). Contrary to defendant-appellant's argument, it is undisputed that following the jury's verdict, the firm terminated its representation for just cause, based on a conflict of interest which compromised its ability to provide adequate representation. That termination decision was fully communicated through discussions with, and written notice to, the client's personal attorney. We reject defendant-appellant's contention that the firm waived its entitlement to a charging lien. The firm expressly stated that it would not waive payment of fees and disbursements even before counsel was substituted as a matter of record, and gave notice of its charging lien less than two weeks after the entry of judgment in the underlying action (*see Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 192 [2002]).

We have considered defendant-appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Freedman, Richter and Abdus-Salaam, JJ.