■ NANCY A. ROE, Appellant, v GLENN T. ROE, Defendant. THE LAW OFFICE OF JOANNE M. WHITE, Respondent. [985 NYS2d 335]—

Egan Jr., J. Appeal from an order of the Supreme Court (Duggan, J.), entered November 7, 2012 in Albany County, which, among other things, partially granted a motion by the Law Office of Joanne M. White to, among other things, impose a charging lien for counsel fees.

In April 2012, plaintiff retained the Law Office of Joanne M. White (hereinafter the firm) to represent her in a contested matrimonial action. In September 2012, plaintiff elected to seek new counsel, and Joanne M. White agreed—on behalf of the firm—to execute a consent to change attorney form. Shortly thereafter, the firm moved by order to show cause for the imposition of a charging lien with respect to any proceeds that plaintiff might derive at the conclusion of the matrimonial action,[1] as well as a retaining lien on plaintiff's case file in order to ensure that the firm received payment for legal services rendered. In opposition, plaintiff tendered only the affidavit of her newly retained counsel, who intimated that the firm had been discharged for cause and asserted that the counsel fee issue could only be resolved through arbitration pursuant to part

---

**1.** Plaintiff advises that the underlying matrimonial action has since settled.

137 of the Rules of the Chief Administrator of the Courts.[2] Plaintiff thereafter filed a cross motion seeking, among other things, an award of counsel fees for fees incurred by her current attorney in responding to the firm's application. Supreme Court, among other things, denied plaintiff's cross motion, imposed a charging lien in favor of the firm and ordered that, "simultaneously with the surrender of the case file," plaintiff tender the full amount of the fees sought ($10,884.14). This appeal by plaintiff ensued.

Plaintiff initially contends that Supreme Court erred in failing to conduct a hearing with respect to whether the firm was discharged for cause. We disagree. Although the determination that an attorney was discharged for cause may be based upon either negligence or misconduct, more than a generalized dissatisfaction with counsel's services is required (see Wiggins v Kopko, 105 AD3d 1132, 1134 [2013]). Notably, the client must make "a prima facie showing of any cause for [the] discharge" in order to trigger a hearing on this issue (Gyabaah v Rivlab Transp. Corp., 102 AD3d 451, 453 [2013], affd 22 NY3d 1018 [2013]; see Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d 222, 222 [2005]). Here, in opposition to the firm's order to show cause (as well as in support of her cross motion), plaintiff tendered only the affidavit of her current attorney, who, in turn, simply suggested—without elaboration—that there may have been grounds to discharge the firm for cause. Absent specific allegations in this regard, a hearing was not warranted (see id.; see also Friedman v Park Cake, Inc., 34 AD3d 286, 287 [2006]; compare Teichner v W & J Holsteins, 64 NY2d 977, 979 [1985]; Cohen v Cohen, 183 AD2d 802, 804 [1992]).

As to the relief afforded by Supreme Court, an attorney who has been discharged without cause may pursue the following cumulative remedies: (1) a charging lien, (2) a retaining lien, and/or (3) a plenary action in quantum meruit (see Balestriere PLLC v BanxCorp, 96 AD3d 497, 497 [2012]; Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 218-219 [1997]). A charging lien is a statutory remedy—codified in Judiciary Law § 475— that grants the attorney "a security interest in the favorable result of [the] litigation" (Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d at 223; see Tangredi v Warsop, 110 AD3d 788, 788 [2013]; Butler, Fitzgerald & Potter v Gelmin, 235 AD2d at 219). A retaining lien, on the other hand, permits the discharged attorney to retain the contents of the client's file until such time as the attorney has been paid or "the client has otherwise

---

**2.** According to plaintiff, the Third Judicial District's arbitral body subsequently concluded that this matter fell outside its jurisdiction.

posted adequate security ensuring [the] payment [there]of" (*Oldendorf v Oldendorf*, 226 AD2d 790, 791 [1996]; *see Mosiello v Velenzuela*, 84 AD3d 1188, 1189 [2011]; *Security Credit Sys. v Perfetto*, 242 AD2d 871, 871 [1997]; *Adamson v Wurtsboro Gardens Recreation Ctr.*, 229 AD2d 863, 864 [1996]). With respect to either lien, a hearing may be required to determine the amount of compensation due and owing to the discharged attorney. Here, however, we have no quarrel with Supreme Court's finding that the firm was entitled to an award of $10,884.14 based upon an account stated.

"An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due. An attorney or law firm, in turn, may recover under such cause of action with proof that a bill, even if unitemized, was issued to a client and held by the client without objection for an unreasonable period of time. Notably, the attorney or law firm in question need not establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to its correctness" (*Whiteman, Osterman & Hanna, LLP v Oppitz*, 105 AD3d 1162, 1163 [2013] [internal quotation marks and citations omitted]; *see Antokol & Coffin v Myers*, 86 AD3d 876, 877 [2011]; *O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996], *lv denied* 89 NY2d 803 [1996]).

Here, in support of the firm's order to show cause, White tendered an affidavit attesting to her efforts on plaintiff's behalf and attaching a copy of the underlying retainer agreement, as well as detailed, itemized invoices submitted to plaintiff in May 2012, July 2012 and August 2012.[3] Nothing in the record suggests that plaintiff ever questioned or otherwise objected to any of the invoices at issue—even after the firm brought the underlying application seeking a charging lien—and her retention of those invoices, coupled with her corresponding silence, was sufficient to establish an account stated. Accordingly, Supreme Court did not abuse its discretion in awarding the firm a charging lien upon this basis (*see Epstein Becker & Green, P.C. v Amersino Mktg. Group, LLC*, 111 AD3d 428, 429 [2013]; *Jaffe v Brown-Jaffe*, 98 AD3d 898, 899 [2012]; *Citidress II v 207 Second Ave. Realty Corp.*, 59 AD3d 209, 210 [2009]). To the extent that Supreme Court's order may be read as imposing a de facto retaining lien, such a lien would have been proper as the underlying matrimonial action—although now resolved—remained pending at that time.

---

**3.** Only the August 2012 invoice contained a balance due, as the charges set forth on the prior invoices were credited against the subject retainer.

Peters, P.J., Stein and Rose, JJ., concur. Ordered that the order is affirmed, with costs.