■ JOHN P. D'AMBROSIO, Appellant, v FRANK RACANELLI et al., Defendants. RAYMOND W. BELAIR et al., Nonparty Respondents. [12 NYS3d 176]—

In an action, inter alia, to recover damages for slander, tortious interference with contract, and prima facie tort, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated April 21, 2014, as denied his cross motion, in effect, to vacate the nonparty respondents' charging lien and retaining lien.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

In 2010, the plaintiff retained the nonparty respondents Raymond W. Belair and Belair & Evans, LLP (hereinafter together the respondents) to represent him in this action, and

agreed to pay the respondents at an hourly rate. In 2011, after the respondents accepted approximately $40,000 in fees for their services, they entered into an agreement with the plaintiff, pursuant to which the respondents would "prepare and try" the case for an additional payment of $5,000, which would be credited against a contingency fee of 40% of any recovery. On July 15, 2013, the plaintiff paid the additional $5,000. On July 30, 2013, one of the causes of action was settled for $7,500. On July 31, 2013, the remaining causes of action were settled for $50,000. By letter dated September 12, 2013, the plaintiff discharged the respondents, explaining that since the case was settled on July 31, 2013, he no longer required the respondents' services. At the time the respondents were discharged, the settlement proceeds had not yet been disbursed. By letters dated September 17, 2013, the respondents asserted a charging lien and a retaining lien against the plaintiff's settlement proceeds and file, respectively.

In November 2013, the respondents moved to fix and enforce their charging lien against the plaintiff's settlement proceeds in the sum of $23,000, which was 40% of the total settlement proceeds of $57,500. The plaintiff cross-moved, in effect, to vacate the charging lien and retaining lien.

In the order appealed from, the Supreme Court denied the respondents' motion, explaining that while the respondents had a valid charging lien against the plaintiff's settlement proceeds, the respondents were barred from recovery based upon the contingency fee agreement because the respondents did not file a retainer statement with the Office of Court Administration within 30 days of being retained. The court further explained that, in order to recover on their charging lien, the respondents were required to commence a plenary action against the plaintiff to recover the reasonable value of their services based upon quantum meruit. The court also denied the plaintiff's cross motion. The plaintiff appeals from so much of the order as denied his cross motion.

An attorney of record who is discharged without cause possesses a charging lien pursuant to Judiciary Law § 475 which constitutes an equitable ownership of the cause of action and attaches to any recovery (see *LMWT Realty Corp. v Davis Agency*, 85 NY2d 462, 467 [1995]; *Mello v City of New York*, 303 AD2d 564, 565 [2003]). Additionally, "[i]f a client discharges an attorney without cause, the attorney possesses a common-law retaining lien on the client's file in his or her possession and is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered, regard-

less of whether that amount is more or less than the amount provided in the contract or retainer agreement" (*Sterling Corporate Tax Credit Fund XXV, L.P. v Youngblood Senior Hous. Assoc., LLC*, 115 AD3d 932, 932 [2014]; *see Cohen v Cohen*, 183 AD2d 802, 803 [1992]). The retaining lien "is extinguished only when the court, which controls the functioning of the lien, orders turnover of the file in exchange for payment of the lawyer's fee or the posting of an adequate security therefor following a hearing" (*Cohen v Cohen*, 183 AD2d at 803). "Absent exigent circumstances, the attorney may generally not be compelled to surrender the papers and files until an expedited hearing has been held to ascertain the amount of the fees or reimbursement to which he or she may be entitled" (*Mosiello v Velenzuela*, 84 AD3d 1188, 1189 [2011]). A court may summarily determine that an attorney is charging excessive fees, limit those fees, and discharge the attorney's liens (*see Hom v Hom*, 210 AD2d 296 [1994]; *Matter of Cox v Scott*, 10 AD2d 32 [1960]).

Here, the Supreme Court erred in denying the plaintiff's cross motion without holding a hearing to ascertain the amount of fees or reimbursement to which the respondents may be entitled (*see Mosiello v Velenzuela*, 84 AD3d at 1189; *Eighteen Assoc. v Nanjim Leasing Corp.*, 297 AD2d 358, 359 [2002]; *Trataros Constr. v Rieck*, 270 AD2d 104, 105 [2000]; *see generally Notrica v North Hills Holding Co., LLC*, 105 AD3d 826, 826-827 [2013]). The gravamen of the plaintiff's cross motion was that the charging lien and retaining lien should be vacated because he had already paid the respondents a total of $53,763.99 in legal fees and he did not owe the respondents any additional legal fees. In contrast, the respondents sought to collect a contingency fee of $23,000, which was the full 40% of the $57,500 recovery, without crediting the plaintiff with the $5,000 which should have been credited against the contingency fee pursuant to their agreement. Thus, it appears that the respondents were seeking excessive fees.

Under these circumstances, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Westchester County, for a hearing on the issue of whether the respondents have received all of the fees owed to them for the reasonable value of their services (*see e.g. Alami v Volkswagen of Am., Inc.*, 51 AD3d 952, 953 [2008]). If the court determines that the respondents have been fully compensated for the reasonable value of their services, then the plaintiff's cross motion should be granted in its entirety and all liens should be vacated.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.