15-1887
In re McCray, Richardson, Santana, Wise, and Salaam Litigation

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2015

(Motion Submitted: February 9, 2016     Decided: August 3, 2016)

Docket No. 15-1887

_____

IN RE: MCCRAY, RICHARDSON, SANTANA, WISE, AND SALAAM
LITIGATION

Stevens, Hinds & White, P.C.,

Appellant,

- v. -

Fisher, Byrialsen & Kreizer, PLLC,

Appellee.
_____

Before: KEARSE, POOLER, and SACK, Circuit Judges.

Motion by appellee Fisher, Byrialsen & Kreizer, PLLC ("FBK"), to dismiss for lack of appellate jurisdiction the appeal of appellant Stevens, Hinds & White, P.C. ("SHW"), from orders of the United States District Court for the Southern District of New York, Ronald L. Ellis, Magistrate Judge, ruling on motions by SHW relating to its entitlement to attorneys' fees as former counsel to certain plaintiffs in the action below. FBK contends that because SHW did not consent, pursuant to 28 U.S.C. § 636(c), for all proceedings to be conducted before a magistrate judge, the magistrate

judge's orders must be treated merely as recommendations to be reviewed by the district court, and that appeal directly to this Court from the orders of the magistrate judge is unauthorized. Because § 636(c)'s consent requirement applies to parties (and to persons who move to become parties, see New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21 (2d Cir. 1993)), and the parties in this case had given the requisite consent, we conclude that the consent of SHW as counsel or former counsel was not required.

Motion denied.

Gareth W. Stewart, New York, New York for Appellant.

James R. DeVita, Doar Rieck Kaley & Mack, New York, New York for Appellee.

KEARSE, Circuit Judge:

Appellant Stevens, Hinds & White, P.C. ("SHW"), which from 2003 to 2009 served as attorneys for plaintiffs Kharey Wise (aka Korey Wise) and other members of his family (collectively "Wise") in a wrongful imprisonment action following his exoneration in a case that had come to be known as the "Central Park Jogger" case, appeals from orders of the United States District Court for the Southern District of New York, Ronald L. Ellis, Magistrate Judge, granting SHW $231,212.50 in attorneys' fees plus $6,785 in expenses and denying motions to, inter alia, increase those amounts and to award interest. Appellee Fisher, Byrialsen & Kreizer, PLLC, current attorneys for Wise, has moved to dismiss the appeal, contending that because SHW did not consent pursuant to 28 U.S.C. § 636(c) for all proceedings to be conducted before a magistrate judge, Judge Ellis's orders must be treated as recommendations to be reviewed by the district court, and that appeal directly to this Court from those orders is unauthorized. Because § 636(c)'s consent requirement

applies to parties (and to persons who move to become parties, see New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21, 25 (2d Cir. 1993) ("Chinese TV")), and the parties here gave the requisite consent, we conclude that the consent of SHW as counsel or former counsel was not required, and we deny the motion to dismiss.

Kharey Wise was one of five persons convicted of the 1989 assault and rape of a jogger in New York City's Central Park. After spending years in prison, he and the other four were exonerated after DNA testing confirmed that the crime had been committed by someone else. In 2003, Wise, represented by SHW, commenced an action pursuant to 42 U.S.C. §§ 1983 and 1985 against the City of New York (the "City") and numerous other defendants, alleging civil rights violations in connection with Kharey Wise's wrongful conviction and imprisonment. In 2007, the Wise action was consolidated with the similar actions brought by the other four exonerated individuals and their families.

In 2009, Wise replaced SHW with a firm that was a predecessor to Fisher, Byrialsen & Kreizer, PLLC (collectively "FBK"). SHW notified FBK of its intention to seek attorneys' fees and costs in the event that Wise obtained a favorable judgment.

In September 2014, after pretrial proceedings in which claims of some plaintiff family members had been dismissed for failure to prosecute, all of the remaining parties to the consolidated action consented in writing pursuant to 28 U.S.C. § 636(c) "to have a United States magistrate judge conduct all [further] proceedings in th[e] case including trial, the entry of final judgment, and all post-trial proceedings" (Parties' Consent To Proceed Before United States Magistrate Judge ("Consent") at 2.) The Consent, "So-Ordered" by the district judge, stated that "Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c)." (Consent at 1.)

3

The parties immediately settled the litigation, entering into a Stipulation and Order of Settlement and Dismissal that, inter alia, disposed of all remaining claims, stated that the City would pay certain specified sums, and stated that the consolidated "action is hereby dismissed." On September 5, 2014, the Stipulation and Order of Settlement and Dismissal was "So-Ordered" and entered by the magistrate judge (the "So-Ordered Settlement"), and the case was marked "Terminated" as of that date.

The So-Ordered Settlement provided that Kharey Wise, "in full satisfaction of all his claims against" the defendants, "including . . . attorneys' fees," would receive $12,250,000, and that he assigned his rights to attorneys' fees, expenses, and costs to FBK. SHW promptly filed a petition with the magistrate judge seeking the reasonable value of the services it had provided to Wise in the litigation. An escrow fund for fees was created.

The magistrate judge decided SHW's motion and denied a motion by SHW for reconsideration (the "SHW Orders"); the details of those orders are not material to this motion to dismiss. SHW has appealed both orders to this Court. FBK has moved to dismiss the appeal for lack of appellate jurisdiction on the ground that the magistrate judge's SHW Orders are not final decisions within the meaning of 28 U.S.C. § 1291 because SHW did not consent to have all proceedings conducted before a magistrate judge. FBK argues that in the absence of such consent, a magistrate judge's orders are merely recommendations to be ruled on by a district judge. For the reasons that follow, we reject FBK's premise that SHW's consent was required, and we deny the motion to dismiss.

Section 636(c) provides, in part, that when "specially designated to exercise [civil] jurisdiction by the district court . . . he [or she] serves," a "United States magistrate judge . . . may"

> (1) Upon the consent of the parties, . . . conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case
> . . . .

4

18 U.S.C. § 636(c)(1) (emphasis added); see also id. § 636(c)(3) ("The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.").

"If a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of [§ 636(c)]," and is available, the parties are to be so advised by the clerk of court when the action is filed, and they may be so advised again thereafter by the district court judge or the magistrate judge, but they must also be

> advise[d] . . . that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

Id. § 636(c)(2). Such consent may be express or implied, see, Roell v. Withrow, 538 U.S. 580, 585, 588 (2003); but unless there is such consent by all of the parties, "the Magistrate Judge lack[s] authority to enter judgment," Yeldon v. Fisher, 710 F.3d 452, 453-54 (2d Cir. 2013).

We have held that the prerequisite that all of the "parties" in the action give their consent in order for a magistrate judge to exercise civil jurisdiction is applicable to proposed intervenors, i.e., persons or entities who move to become parties. See Chinese TV, 996 F.2d at 25 ("Without the consent of the 'intervenors', the magistrate judge's order [denying intervention] has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review de novo the recommendation."). This is appropriate for one who timely moves to become a party by intervention as of right to protect an interest in an action that may be impaired by the outcome of the case and is not adequately protected by the current parties, see Fed. R. Civ. P. 24(a), or by permissive intervention to pursue "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b).

5

But claims for attorneys' fees stand on a different footing. A request for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 by the plaintiff prevailing on a § 1983 claim "raises legal issues collateral to the main cause of action" and requires "an inquiry separate from the decision on the merits." White v. New Hampshire Department of Employment Security, 455 U.S. 445, 451-52 (1982). And under New York law, which affords "the attorney who appears for a party" in an action in any court "a lien upon his client's cause of action . . . and the proceeds thereof," N.Y. Judiciary Law § 475 (McKinney 2005), the attorney merely has "a security interest in the favorable result of [that] litigation," Chadbourne & Parke, LLP v. AB Recur Finans, 18 A.D.3d 222, 223, 794 N.Y.S.2d 349, 350 (1st Dep't 2005), which is distinct from the rights at issue in the client's action. In general, claims for attorneys' fees are

> not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action . . . .

Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988).

Further, while the court is to determine the appropriate amount of attorneys' fees in a civil rights action, see, e.g., Hensley v. Eckerhart, 461 U.S. 424, 429 (1983), the fee is awarded to the party, see Evans v. Jeff D., 475 U.S. 717, 730 (1986). Here, in the So-Ordered Settlement, Kharey Wise was to receive $12,250,000 in satisfaction of his claims including attorneys' fees; and he "assigned" to FBK "his rights" to attorneys' fees, which would come out of that $12,250,000. The parties had just consented to have the magistrate judge conduct "all [further] proceedings." Thus, any dispute as to the amount of fees that should be paid to attorneys who provided services to Wise in this litigation was to be decided by the magistrate judge.

Nothing in § 636(c) or in Chinese TV--or in any other case of which we are aware-- suggests that consent of attorneys in their own right is required for the magistrate judge to exercise the civil jurisdiction allowed by § 636(c)(1). Indeed, there is no indication in the Consent here, signed

6

by the attorneys for their respective clients, that consent of the attorneys in their own right--including FBK--was required, requested, or given; and, consistent with the lack of any such requirement, we note that although the magistrate judge ordered disbursement of the remaining escrowed attorneys' fees to FBK, there is no indication in the record that FBK sought district court approval of that order as if it were a mere recommendation.

As the parties permissibly consented to have the magistrate judge enter judgment and to have "[a]ny appeal from a judgment entered in this case" be taken "to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c)" (Consent at 1), FBK's motion to dismiss this appeal for lack of appellate jurisdiction is denied.