■ JUSTIN MAHER, Respondent, v QUALITY BUS SERVICE, LLC, et al., Defendants. GARY GREENWALD & PARTNERS, P.C., Nonparty Appellant. [42 NYS3d 43]—

In an action to recover damages for personal injuries, nonparty Gary Greenwald & Partners, P.C., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Orange County (Colangelo, J.), dated April 30, 2014, as, upon granting the plaintiff's motion to relieve it as counsel for the plaintiff, in effect, denied its application to establish an attorney's retaining lien and charging lien pursuant to Judiciary Law § 475, and (2) so much of an order of the same court dated September 10, 2014, as denied that branch of its cross motion which was for leave to renew its application to establish an attorney's retaining lien and charging lien pursuant to Judiciary Law § 475.

Ordered that the appeal from the order dated April 30, 2014, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal since the appeal is academic in light of our determination of the appeal from the order dated September 10, 2014; and it is further,

Ordered that the order dated September 10, 2014, is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the appellant's cross motion which was for leave to renew its application to establish an attorney's retaining lien and charging lien pursuant to Judiciary Law § 475 is granted, and, upon renewal, so much of the order dated April 30, 2014, as, in effect, denied the application is vacated, the application is granted, and the appellant's retaining and charging liens pursuant to Judiciary Law § 475 on the proceeds of the plaintiff's personal injury cause of action are established, with the litigation costs advanced by the appellant to be paid either by incoming counsel or by the plaintiff directly, and the appellant to transfer the plaintiff's legal file to incoming counsel upon such payment, and the amount of the appellant's contingent percentage fee to be determined after a hearing conducted at the conclusion of the action; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appellant was retained by the plaintiff to represent him in an action to recover damages for personal injuries the plaintiff sustained in a motor vehicle collision. Approximately

four months after the appellant commenced the action on the plaintiff's behalf, the plaintiff discharged the appellant and retained new counsel. The appellant opposed the efforts to relieve it as the plaintiff's counsel, and incoming counsel, on behalf of the plaintiff, moved to have the appellant relieved as the plaintiff's counsel, and to be substituted in its place.

The appellant made an application to establish retaining and charging liens pursuant to Judiciary Law § 475 on the proceeds of the plaintiff's personal injury cause of action. In an order dated April 30, 2014, the Supreme Court granted the motion to relieve the appellant "without prejudice to any rights that the [appellant] has or may have pursuant to § 475 of the Judiciary Law."

Incoming counsel then moved to discontinue the action that the appellant had commenced on the plaintiff's behalf, without prejudice, in order to bring a new action on the same cause of action in federal court. The appellant cross-moved, inter alia, for leave to renew its application to establish its retaining and charging liens. In an order dated September 10, 2014, incoming counsel's motion was granted and the appellant's cross motion was denied.

The Supreme Court improvidently exercised its discretion in denying the appellant's motion for leave to renew its application to establish retaining and charging liens pursuant to Judiciary Law § 475 on the proceeds of the plaintiff's personal injury cause of action. The motion was based upon new facts which warranted changing the prior determination, and the appellant offered a reasonable justification for the failure to present such facts on the prior application (see CPLR 2221 [e]).

"An attorney of record who is discharged without cause possesses a charging lien pursuant to Judiciary Law § 475 which constitutes an equitable ownership of the cause of action and attaches to any recovery. Additionally, '[i]f a client discharges an attorney without cause, the attorney possesses a common-law retaining lien on the client's file in his or her possession and is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered, regardless of whether that amount is more or less than the amount provided in the contract or retainer agreement' " (D'Ambrosio v Racanelli, 129 AD3d 900, 901-902 [2015], quoting Sterling Corporate Tax Credit Fund XXV, L.P. v Youngblood Senior Hous. Assoc., LLC, 115 AD3d 932, 932 [2014] [citations omitted]).

A charging lien is imposed on the cause of action, and the proceeds of that cause of action, wherever found, are subject to

it, even where, as here, recovery may be obtained in an action different from the one in which the services were rendered (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]). "The outgoing attorney may elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case. The percentage may be fixed at the time of substitution but, as several courts have recognized, is better determined at the conclusion of the case when such factors as the amount of time spent by each lawyer on the case, the work performed and the amount of recovery can be ascertained" (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989] [citations omitted]). Here, the appellant's retainer agreement provides that in the absence of an election to the contrary, it is presumed that the contingent fee will be deemed to have been elected in the event the appellant is discharged.

An attorney who is discharged for cause is not entitled to compensation or a lien (*see Callaghan v Callaghan*, 48 AD3d 500, 501 [2008]). "Although the determination that an attorney was discharged for cause may be based upon either negligence or misconduct, more than a generalized dissatisfaction with counsel's services is required," and the client must make a prima facie showing of cause in order to trigger a hearing on the issue (*Roe v Roe*, 117 AD3d 1217, 1218 [2014] [citation omitted]; *see Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d 222, 222 [2005]).

In this case, the plaintiff failed to make a prima facie showing that the appellant was discharged for cause. In his letter discharging the appellant, the plaintiff did not indicate that it was for cause, and in the plaintiff's motion to relieve the appellant and substitute incoming counsel, there was only a vague reference to the plaintiff's dissatisfaction with the appellant (*see Chadbourne & Parke, LLP v AB Recur Finans*, 18 AD3d at 222; *see also Callaghan v Callaghan*, 48 AD3d at 501). To the extent that incoming counsel thereafter accused the appellant of violating the Rules of Professional Conduct (22 NYCRR 1200.0), those allegations pertained solely to the appellant's actions after it had been discharged as the plaintiff's attorney, and are not a bar to the appellant's entitlement to retaining and charging liens for the legal work performed prior to the discharge (*see Margrabe v Rusciano*, 55 AD3d 689, 691-692 [2008]).

Accordingly, the Supreme Court should have granted that branch of the appellant's cross motion which was for leave to renew its application to establish retaining and charging liens, and, upon renewal, the appellant's retaining and charging liens on the proceeds of the plaintiff's personal injury cause of action are established, with the litigation costs advanced by the appellant to be paid either by incoming counsel or by the plaintiff directly, and the appellant is to transfer the plaintiff's legal file to incoming counsel upon such payment, in accordance with the appellant's retainer agreement with the plaintiff. The amount of the appellant's contingent percentage fee is to be determined after a hearing conducted at the conclusion of the action (*see Mello v City of New York*, 303 AD2d 564, 565 [2003]). Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.