Dzhurinskiy v Moore (2019 NY Slip Op 07050)





Dzhurinskiy v Moore


2019 NY Slip Op 07050


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-03398 
2018-10444
 (Index No. 500293/12)

[*1]Fedor Dzhurinskiy, plaintiff, 
v
Arthur Moore, et al., defendants; Law Offices of William Pager, nonparty- appellant; Novo Law Firm, P.C., nonparty-respondent.


Law Offices of William Pager, Brooklyn, NY, nonparty-appellant pro se.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Law Offices of William Pager appeals from (1) an order of the Supreme Court, Kings County (Derefim B. Neckles, Ct. Atty. Ref.), dated January 26, 2018, and (2) an order of the same court (Carolyn E. Wade, J.) dated July 23, 2018. The order dated January 26, 2018, insofar as appealed from, after a hearing, in effect, granted the motion of nonparty Law Offices of William Pager to enforce a stipulation dated October 19, 2016, and pursuant to Judiciary Law § 475 to impose a charging lien against 80% of the proceeds of this action only to the extent of directing nonparty Novo Law Firm, P.C., to pay it attorney's fees in the total sum of $6,283.52, and otherwise denied the motion. The order dated July 23, 2018, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order dated January 26, 2018.
ORDERED that the order dated January 26, 2018, is reversed insofar as appealed from, on the law, the motion of nonparty Law Offices of William Pager to enforce a stipulation dated October 19, 2016, and pursuant to Judiciary Law § 475 to impose a charging lien against 80% of the proceeds of this action is granted in its entirety, and the order dated July 23, 2018, is vacated; and it is further,
ORDERED that the appeal from the order dated July 23, 2018, is dismissed as academic in light of our determination on the appeal from the order dated January 26, 2018; and it is further,
ORDERED that one bill of costs is awarded to nonparty Law Offices of William Pager, payable by nonparty Novo Law Firm, P.C.
In November 2011, after the plaintiff allegedly was injured in an automobile accident, he retained nonparty Law Offices of William Pager (hereinafter Pager) to represent him in connection with his causes of action arising out of the accident. In February 2012, Pager commenced this action on behalf of the plaintiff to recover damages for personal injuries the plaintiff allegedly sustained in the accident. In October 2015, the plaintiff discharged Pager as his attorney and retained nonparty Novo Law Firm, P.C. (hereinafter Novo), to represent him. Novo obtained a settlement for the plaintiff from the defendant's insurer for the policy limit of $25,000. Thereafter, Pager and Novo entered into a stipulation dated October 19, 2016, which provided that "the apportionment of [*2]the net attorney's fees in this matter shall be" 80% to Pager and 20% to Novo. After the stipulation was executed, Novo settled the plaintiff's claim for supplementary underinsured motorist (hereinafter SUM) coverage for the sum of $9,000.
In June 2017, Pager moved to enforce the stipulation dated October 19, 2016, and pursuant to Judiciary Law § 475 to impose a charging lien against 80% of the proceeds of this action, including any proceeds generated in connection with the SUM claim. In support of its motion, Pager submitted, among other things, an affirmation from its principal who affirmed that, after being retained to represent the plaintiff in this action, Pager had obtained the plaintiff's medical records and a police report regarding the accident, initiated a claim for no-fault benefits on behalf of the plaintiff, entered into negotiations with the defendants' liability carrier, and drafted and filed a complaint on behalf of the plaintiff. Additionally, Pager, inter alia, filed a motion for summary judgment on the issue of liability, which was granted in December 2013.
Following a fee dispute hearing, the Supreme Court, in effect, granted Pager's motion only to the extent of directing Novo to pay him attorney's fees in the total sum of $6,283.52, representing 80% of the attorney's fees recovered in connection with the $25,000 settlement. The court determined that Pager was not entitled to any fee on account of the SUM recovery, which Novo had separately settled for $9,000. Thereafter, Pager moved for leave to renew and reargue its prior motion. The Supreme Court granted renewal and reargument, and, upon renewal and reargument, adhered to its prior determination. Pager appeals.
"An attorney of record who is discharged without cause possesses a charging lien pursuant to Judiciary Law § 475" (D'Ambrosio v Racanelli, 129 AD3d 900, 901; see Banque Indosuez v Sopwith Holdings Corp., 98 NY2d 34, 43; Maher v Quality Bus Serv., LLC, 144 AD3d 990, 991). "A charging lien is imposed on the cause of action, and the proceeds of that cause of action, wherever found, are subject to it, even where . . . recovery may be obtained in an action different from the one in which the services were rendered" (Maher v Quality Bus Serv., LLC, 144 AD3d at 991-992; see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 657-658).
Here, Pager demonstrated that it was discharged without cause, and that it had a charging lien against the proceeds of the plaintiff's cause of action to recover damages for personal injuries sustained in the automobile accident (see D'Ambrosio v Racanelli, 129 AD3d at 901; Kaplan v Reuss, 113 AD2d 184, 187, affd 68 NY2d 693). Under the circumstances, the proceeds of that cause of action included the funds recovered in connection with the settlement of the plaintiff's SUM claim (see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d at 658; Maher v Quality Bus Serv., LLC, 144 AD3d at 991-993). Therefore, consistent with the terms of the stipulation dated October 19, 2016, Pager established that it had a charging lien against 80% of the proceeds of this action, including the SUM recovery.
Accordingly, the Supreme Court should have granted Pager's motion to enforce the stipulation dated October 19, 2016, and pursuant to Judiciary Law § 475 to impose a charging lien against 80% of the proceeds of this action in its entirety.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court