18-3721-cv
Lightbox Ventures, LLC v. Brem Moldovsky, L.L.C.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
RICHARD K. EATON,*
*Judge.*

------------------------------------------------------------------------

LIGHTBOX VENTURES, LLC,

*Plaintiff - Interpleader - Plaintiff - Appellant,*

v.                                                      No. 18-3721-cv

BREM MOLDOVSKY, L.L.C.,

---

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

*Interpleader - Defendant - Appellee,*

3rd HOME LIMITED, WADE SHEALY,

*Defendants,*

SCAROLA ZUBATOV SCHAFFZIN PLLC,

*Interpleader - Defendant,*

v.

ANDREW ELLNER,

*Third - Party - Defendant -*
*Interpleader - Plaintiff.*

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-INTERPLEADER-PLAINTIFF-APPELLANT: | JONATHAN R. MILLER (Alexander Fink, *on the brief*), The Law Firm of Jonathan R. Miller, Princeton, NJ. |
| FOR INTERPLEADER-DEFENDANT-APPELLEE: | BREM MOLDOVSKY, Brem Moldovsky, L.L.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

2

Interpleader - Plaintiff - Appellant Lightbox Ventures, LLC ("Lightbox") argues that the District Court abused its discretion when it enforced a charging lien on behalf of Interpleader - Defendant - Appellee Brem Moldovsky, L.L.C. (the "Moldovsky Firm") pursuant to New York Judiciary Law § 475. Lightbox contends that the information it presented to the District Court clearly showed that the Moldovsky Firm acted unethically by (1) coercing Lightbox to enter into an amended retainer agreement, and (2) later withdrawing its representation without just cause when Lightbox disputed a bill. For Lightbox, the Moldovsky Firm's conduct justified a finding that it forfeited its charging lien, or at least warranted a hearing on that issue.

We review a district court's decision to enforce a charging lien under New York law for abuse of discretion.

We find that the District Court did not abuse its discretion either by enforcing the Moldovsky Firm's charging lien, or by finding that it was unnecessary to hold a hearing before it enforced the lien. New York's Judiciary Law protects attorneys' right to fair and reasonable compensation for legal services. New York courts will not enforce a lien where representation ends because of attorney misconduct, e.g., where the attorney has been discharged for

cause or withdraws as counsel without cause. See N.Y. JUDICIARY LAW § 475; Maher v. Quality Bus Serv., LLC, 42 N.Y.S.3d 43, 46 (2d Dep't 2016); Brooks v. Lewin, 853 N.Y.S.2d 286, 288 (1st Dep't 2008). To be entitled to a hearing on the issue of a charging lien, "the client must make a prima facie showing of cause." Maher, 42 N.Y.S.3d at 46.

We have considered Lightbox's remaining arguments and conclude that they are without merit. Here, Lightbox did not discharge its attorney for cause; and the Moldovsky Firm withdrew for cause because it had a good-faith basis to believe that the District Court would "find the existence of . . . good cause for withdrawal." N.Y. R. Prof. Conduct 1.16(c)(12). Further, the District Court reviewed the information submitted by Lightbox, and reasonably found the submissions irrelevant under New York law. Accordingly, no hearing was required.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4