Kasmin v Josephs (2024 NY Slip Op 03085)

Kasmin v Josephs

2024 NY Slip Op 03085

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Index No. 152213/20 Appeal No. 2434 Case No. 2023-04842 

[*1]Alexandra Kasmin, Plaintiff-Appellant,
v
Bonnie P. Josephs, Defendant-Respondent.

Mandel Bhandari LLP, New York (Evan Mandel of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 19, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the forfeiture of legal fees claim, and granted defendant's motion for summary judgment dismissing the forfeiture of legal fees and promissory estoppel claims, unanimously modified, on the law, to deny defendant's motion for summary judgment as to the promissory estoppel claim and otherwise affirmed, without costs.
The court correctly denied plaintiff's motion for summary judgment on her forfeiture of legal fees claim and granted defendant's motion for summary judgment dismissing the claim. A client may terminate his or her relationship with an attorney at any time, with or without cause (see Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43 [1990]). Where a client discharges an attorney for cause, the attorney has no right to compensation, even where there is a specific retainer agreement (see id. at 44; Friedman v Park Cake, Inc., 34 AD3d 286, 287 [1st Dept 2006]). Although a hearing is normally required to determine whether an attorney has been discharged for cause, a hearing is not required where, as here, the client did not seek termination for cause until after defendant had already completed her services and had obtained a favorable settlement for plaintiff (see Friedman, 34 AD3d at 287).
Plaintiff's self-serving allegations that she discharged defendant for cause because defendant committed multiple instances of misconduct is not supported by the record. To the contrary, the record reflects that plaintiff kept defendant retained for the entirety of her divorce proceeding and repeatedly expressed satisfaction with defendant's work and the results she achieved. Plaintiff alleges that she was misled by defendant as to language in the 2014 settlement stipulation that caused her to stop receiving spousal maintenance payments upon her husband's death. However, plaintiff stated during the allocution that she understood the terms of the stipulation, believed it to be a fair agreement, and was satisfied with defendant's services. Moreover, the provision in the stipulation that the spousal maintenance would last during the joint life of the parties was in accord with Domestic Relations Law § 236.
Plaintiff's contention that she discharged defendant for cause because defendant pressured her into retaining co-counsel and experts and incurred unnecessary legal fees is also unavailing. While the motion court noted that defendant was perhaps overzealous in her representation, the record reflects that plaintiff herself believed that her husband's active concealment of assets and refusal to cooperate warranted an aggressive litigation approach. The remainder of plaintiff's references to defendant's alleged misconduct and ethical violations are not sufficient to raise an issue of fact as to whether plaintiff discharged defendant for cause.
The [*2]motion court should have denied defendant's motion for summary judgment dismissing plaintiff's promissory estoppel claim. "`[W]here there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies'" (see CIP GP 2018, LLC v Koplewicz, 194 AD3d 639, 640 [1st Dept 2021], quoting Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438-439 [1st Dept 2012]). Here, defendant disputes the alleged existence of a fee reduction agreement between the parties, and therefore, plaintiff's promissory estoppel claim may proceed.[FN1]
Finally, as defendant did not file a notice of cross-appeal, her argument that the motion court erred by declining to dismiss plaintiff's breach of contract cause of action is not properly before this Court and we decline to consider it (see Kerns v Ishida, 208 AD3d 1102, 1103 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
 
ENTERED: June 6, 2024

Footnotes

Footnote 1: To the extent our decision in ID Beauty S.A.S. v Coty Inc. Headquarters (164 AD3d 1186, 1186 [1st Dept 2018]) stated that "the promissory estoppel claim is barred by the alleged existence of a contract" (emphasis added), this proposition is not supported by prior case law and, in any event, not applicable to the facts of ID Beauty S.A.S., where, unlike the present case, the agreements at issue contained "unambiguous contractual language" (see id. at 1187).