■ BION C. BARTNING, Respondent, v MICHELLE BRAGA BART-NING, Defendant. STANLEY GELLER, ESQ., Nonparty Appellant. [791 NYS2d 541]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered on or about March 18, 2004, which, to the extent appealed from, denied the petition of appellant for an order pursuant to Judiciary Law § 475 fixing the lien for his fees, unanimously reversed, on the law, without costs, the petition granted and appellant's lien fixed in the amount of $9,686.24.

Appellant attorney represented plaintiff in this matrimonial proceeding, including precommencement settlement attempts, from December 2001 through October 2002. After plaintiff informed appellant on November 1, 2002, that he wished to retain new counsel, appellant immediately prepared and sent a final invoice, which included unpaid balances for two prior invoices, for a total of $9,686.24. Appellant alleges that he tried to contact plaintiff thereafter about payment of this final invoice, but received no response. On November 21, 2002, appellant sent to plaintiff, by certified mail, a package consisting of another request to pay, as well as the information required by part 137 of the Rules of the Chief Administrator of the Courts concerning attorney-client fee arbitration (22 NYCRR 137.6).

The package was returned marked "return to sender." Another set of the same documents was sent to plaintiff by regular mail to his home address, which was not returned, and appellant received neither payment nor other response to this mailing.

In response to the fee petition, plaintiff, pro se, cross-moved, claiming entitlement to a refund of attorney's fees paid, providing an account of how he felt he was overcharged. The IAS court denied both the petition and the cross motion, remarking that in light of the amount at stake in the litigation the "reasonable value" of the services rendered was covered by the $7,500 the court said plaintiff had paid to appellant.

The court erred in dismissing appellant's claim to fix his fees and impose a lien, and in finding that the reasonable value of appellant's services was covered by the funds previously paid to appellant. An account stated exists where a party to a contract receives bills or invoices and does not protest within a reasonable time (see Herrick, Feinstein LLP v Stamm, 297 AD2d 477 [2002]). Here, appellant sent out regular invoices, including the final one, to which he received no objection. In response to the petition, plaintiff, pro se, failed to establish that he objected in a timely fashion to the invoices; rather, he merely asserted in open court that when he got the bills he raised to appellant his belief that the bills contained overcharges. Plaintiff's response was insufficient to raise an issue of fact precluding summary judgment on appellant's claim to fix his lien for his fees as billed.

We have examined plaintiff's remaining contentions and find them to be without merit. Concur—Andrias, J.P., Saxe, Ellerin, Sweeny and Catterson, JJ.