■ ZANETT LOMBARDIER, LTD., et al., Appellants, v MARVIN MASLOW et al., Respondents. [815 NYS2d 547]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered March 18, 2005, as amended by order, same court and Justice, entered June 30, 2005, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, with one bill of costs.

In this action alleging fraud, constructive fraud, misrepresentation and breach of fiduciary duty in connection with an investment loss, the court was not required to accept factual allegations that are contradicted by documentary evidence, or legal conclusions that are unsupportable in the face of undisputed facts (*Robinson v Robinson*, 303 AD2d 234, 235 [2003]). Dismissal is warranted under CPLR 3211 (a) (1) where documentary evidence and undisputed facts negate or dispose of claims in the complaint or conclusively establish a defense (*see Silvester v Time Warner*, 1 Misc 3d 250, 255 [2003]), *affd* 14 AD3d 430 [2005]).

To state a claim for fraud, a plaintiff must allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury (*Kaufman v Cohen*, 307 AD2d 113, 119 [2003]). Plaintiffs failed to plead fraud with the particularity required by CPLR 3016 (b) (*see Callas v Eisenberg*, 192 AD2d 349, 350 [1993]), since there were no actionable misrepresentations or concealments as to the marketability of the Projectavision product or the profitability of Vidikron, resulting in acceleration of the PNC loan.

The conclusory statement of intent did not adequately plead

sufficient details of scienter (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 554 [1985]). Nor could plaintiffs, as sophisticated investors, validly claim justifiable reliance under these circumstances, as they could have discovered the underlying condition and true nature of both companies by ordinary intelligence or with reasonable investigation (*see Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.