■ Jane Fleming, Appellant, v John Vassallo, Esq., et al., Respondents, et al., Defendants. [840 NYS2d 348]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), entered January 4, 2006, dismissing the complaint and awarding defendants-respondents damages on their counterclaim, and bringing up for review the order, same court and Justice, entered on or about January 3, 2006, granting defendants-respondents' motion for summary judgment, unanimously affirmed without costs. Appeal from the January 3, 2006 order, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

This legal malpractice action arises out of defendants' representation of plaintiff in a matrimonial action. Plaintiff alleges that defendants-respondents directed her, over her objection, to reject a purported settlement offer from her former husband, and that after years of costly litigation she ultimately received far less than he had offered. The evidence submitted on the motion, however, establishes that no concrete settlement offer was, in fact, made during the period between March of 1987, when the underlying matrimonial action was commenced, and October of 1987, when defendant law firm was retained. Indeed, there is no evidence that plaintiff had even preliminarily, either by draft agreement or otherwise, reached any agreement as to the financial terms of a settlement. Under these circumstances, plaintiff has no tenable claim that defendants committed malpractice by pressing forward with the litigation. In any event, there is no evidence that defendants were in any way responsible for the fact that the matrimonial action was ultimately resolved in a manner that was not to plaintiff's liking. To the contrary, the evidence shows that the disposition of the economic issues in the matrimonial action was largely dictated by the reduced financial circumstances of plaintiff's then husband, and not by any mishandling of the matter by defendants-respondents (see Reibman v Senie, 302 AD2d 290 [2003]).

The expert affirmation submitted by plaintiff in opposition to the summary judgment motion does not alter this conclusion. Indeed, the affirmation rests on unsupported allegations made by the plaintiff and is at odds with the allegations contained in plaintiff's complaint.

In view of plaintiff's retention of defendants-respondents'

regular invoices without objection for a reasonable time, plaintiff had no viable defense to the counterclaim to recover on an account stated (see Bartning v Bartning, 16 AD3d 249, 250 [2005]). Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.