■ STEVI BROOKS, Appellant, v HARLEY I. LEWIN, ESQ., et al., Defendants. CURTIS & ASSOCIATES, P.C., Nonparty Respondent. STEVI BROOKS, Respondent, v HARLEY I. LEWIN, ESQ., et al., Defendants. CURTIS & ASSOCIATES, P.C., Nonparty Appellant.
[853 NYS2d 286]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 31, 2005, which rejected a Special Referee's report that plaintiff had discharged nonparty Curtis & Associates, her prior counsel in this malpractice action, for cause and misconduct, and fixed said counsel's charging lien at $81,947.50, unanimously reversed, on the law, without costs, the lien discharged and the Referee's report confirmed. Appeal by the Curtis firm from order, same court and Justice, entered January 18, 2006, which denied reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

The Special Referee concluded that plaintiff had discharged Curtis for cause. In rejecting plaintiff's motion to confirm, the IAS court characterized the Curtis firm's conduct as simply "a legitimate effort to secure the payment of a fee for services rendered."

The evidence elicited at the quantum meruit hearing showed that Curtis twice threatened to stop working on the matter while a motion for summary judgment was pending and opposition papers were imminently due. When Curtis discovered that plaintiff stood to recover a significant sum in settlement of the Zurich insurance case, it tried to coerce or pressure her into signing a new engagement agreement so the firm could receive proceeds from that settlement to continue representing plaintiff in the malpractice action. This was directly contrary to the express terms of their 2001 engagement agreement, under which payment was to be postponed until the conclusion of the action. The demand by Curtis for a new engagement agreement while opposition papers were due, coupled with the threat that it would stop working on the matter, was coercive.

The argument by Curtis that the threats were somehow excusable because the firm continued to work on the matter should be rejected since this would simply be a reward for misconduct. Curtis threatened to withdraw its services from plaintiff without good cause and for its own economic benefit, breaching the fiduciary duty owed to its client and giving plaintiff good cause to discharge her attorney.

The New York State Bar Association has offered an ethics

opinion on language in an engagement agreement that gave an attorney the right to stop working on a client's matter if the client failed or refused to execute an amendment to the retainer agreement setting forth a rate change. Under Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11), a lawyer may not use the threat of withdrawal to coerce a fee increase after the representation has commenced (NY St Bar Assn Comm on Prof Ethics Op 719, at 6-7 [1999]). Since the evidence showed that the representation terminated as a result of attorney misconduct or discharge for cause, or both, Curtis had no right to a charging or retaining lien, notwithstanding a specific retainer agreement (cf. *Shalom Toy v Each & Every One of Members of N.Y. Prop. Ins. Underwriting Assn.*, 239 AD2d 196, 198 [1997]).

In its related appeal, Curtis asserts that the Special Referee was required to disqualify attorney Fried as counsel for plaintiff, at the beginning of the quantum meruit hearing, upon learning that Fried was a necessary witness regarding the nature of the damages plaintiff claimed in her suit against Zurich, as well as the terms of the settlement reached with Zurich on behalf of plaintiff. Curtis also contends that the Special Referee erred in failing to admit into evidence plaintiff's 1986 bankruptcy filing and certain income tax returns, documents that assertedly would show a "profound change of economic circumstances" warranting a new engagement agreement. Curtis asserts that these errors entitle it to a new hearing before a fair and impartial tribunal concerning the fair and reasonable value of the legal services rendered by the firm.

As an initial matter, Curtis purports to appeal from an order denying its cross motion for reargument, and thus the appeal must be dismissed. Curtis contends that its motion was incorrectly denominated as one seeking reargument; however, the motion identified no new facts or change in law that would have altered the prior decision of the IAS court. The motion sought reargument of two evidentiary rulings made by the Special Referee during the quantum meruit hearing, which were part of the record before the IAS court when it rendered its initial decision.

In any event, the decision not to disqualify Mr. Fried was not error. DR 5-102 (a) (22 NYCRR 1200.21 [a]) prohibits a lawyer from acting as an advocate on issues of fact before any tribunal if the lawyer knows or ought to know that he will be called as a witness on a significant issue on behalf of the client. Under New York law, the mere fact that an attorney was involved in the transaction at issue, or that his proposed testimony would

be relevant or highly useful, is insufficient to warrant disqualification; rather, the crucial inquiry is whether the subject testimony is necessary, taking into account such factors as the significance of the matter, the availability of other evidence, and the weight of the testimony.

The Special Referee was ordered to determine, in the event Curtis was not discharged for cause, the appropriate amount of any charging or retaining lien. Fried's testimony was simply irrelevant to this determination. In any event, there was ample record evidence, apart from Fried's testimony, that plaintiff had concealed the status of the Zurich settlement from Curtis. Plaintiff essentially conceded that she failed to apprise Curtis of the status of the Zurich settlement. The Special Referee found as much (although he found it irrelevant for purposes of determining whether Curtis had been discharged for cause), and Justice DeGrasse explicitly made this finding. Since Curtis succeeded in establishing that plaintiff had concealed the status of the Zurich case, any alleged issues regarding the propriety of Fried's role simply had no effect on the outcome of the case.

The Special Referee properly exercised his discretion in refusing to admit into evidence plaintiff's tax filings and her personal bankruptcy filing. Curtis does not articulate how any information in the tax returns and bankruptcy filing is probative as to the reasonable value of its legal services.

Plaintiff's request for sanctions is denied. We have considered and rejected appellants' other arguments. Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.