■ AJET DELAJ et al., Appellants, v KENNETH R. JAMESON, Defendant. MARK E. SEITELMAN LAW OFFICES, P.C., Nonparty Respondent. [855 NYS2d 898]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered May 21, 2007, which, to the extent appealed from, upon granting the motion of Mark E. Seitelman Law Offices, P.C. (Seitelman) to withdraw as plaintiffs' counsel, preserved a charging lien sought by Seitelman pending the final resolution of the underlying personal injury action and directed plaintiffs to pay Seitelman disbursements prior to the release of the case file, unanimously affirmed, without costs.

The record establishes that Seitelman's representation did not terminate due to attorney misconduct, discharge for cause, or unjustified abandonment and accordingly, the court properly preserved Seitelman's right to a charging lien (see *Klein v Eubank*, 87 NY2d 459, 464 [1996]). Contrary to plaintiffs' contention, a charging lien is not only applicable to instances in which the attorney is discharged and may be applicable to instances where the attorney withdraws (*id.* at 463-464). The court also properly directed plaintiffs to pay the disbursements prior to Seitelman's release of the case file (see *Gonzalez v City of New York*, 45 AD3d 347, 348 [2007], *lv denied* 10 NY3d 701 [2008]; *Tuff & Rumble Mgt. v Landmark Distribs.*, 254 AD2d 15 [1998], *lv dismissed* 93 NY2d 920 [1999]). Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ.