■ YANN GERON, as Chapter 7 Trustee of the Estate of Thelen LLP, Debtor, Appellant, v VIJAY AMRITRAJ, Respondent. [917 NYS2d 855]—

The court erred to the extent it found that issues of fact

remain as to whether defendant was personally liable for obligations incurred pursuant to the agreement for legal services he entered into with the now dissolved law firm. As a promoter executing a contract on behalf of nonexistent corporate entities, defendant's personal liability under the agreement is presumed, and the plain language of the agreement here cannot be read to have absolved defendant of such personal liability (*see Grutman v Katz*, 202 AD2d 293 [1994]; *Clinton Invs. Co., II v Watkins*, 146 AD2d 861 [1989]).

In view of defendant's receipt and retention of plaintiff's final invoice dated December 18, 2008 without reasonably timely objection, defendant had no viable defense to plaintiff's claim to recover on an account stated (*see Fleming v Vassallo*, 43 AD3d 278 [2007]; *Bartning v Bartning*, 16 AD3d 249 [2005]). Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.