■ DIEGO MCDONALD, Appellant, v LOUISE MCBAIN, Also Known as LOUISE BLOUIN, Respondent. [952 NYS2d 486]—

The court correctly held that plaintiff could not have justifiably relied on the alleged statements that the "Private Office of Louise Blouin Media" (LBM) was a "duly organized" entity which was "profitable," and/or that LBM was "a thriving media company, . . . which, since its inception, has been growing by leaps and bounds," because he had the means to discover the true facts by the exercise of "ordinary intelligence" or upon "reasonable investigation" (*see Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495, 496 [1st Dept 2006]; *see also Stuart*

*Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1st Dept 1997]).

As a sophisticated certified public accountant and the holder of an MBA, who "has previously been employed as managing director of a major multinational business corporation," plaintiff was obligated to conduct his own independent verification of defendant's alleged statements concerning the company's financial condition and profitability (*see Abrahami v UPC Constr. Co.*, 224 AD2d 231 [1st Dept 1996]). Although plaintiff asserts that he had no duty to check every possible jurisdiction where LBM might have incorporated, the complaint is devoid of an indication that he made any "reasonable investigation" whatsoever of the company's corporate status or "true nature" (*see Zanett Lombardier*, 29 AD3d at 496).

The court also properly dismissed the fraudulent inducement claim based on plaintiff's failure to plead "actual pecuniary loss." The complaint's allegation that the fraudulent representations induced plaintiff "to become employed for a pay structure which was significantly lower than that to which he would otherwise be entitled" is speculative as a matter of law (*see Starr Found. v American Intl. Group, Inc.*, 76 AD3d 25, 27-29 [1st Dept 2010]; *Geary v Hunton & Williams*, 257 AD2d 482 [1st Dept 1999]).

Even assuming that LBM was not a registered company, such fact does not dictate that the agreement between plaintiff and LBM, including its arbitration provision, is not enforceable. Rather, such fact would impose personal liability on the person who signed the contract on behalf of the non-existent entity (*see Geron v Amritraj*, 82 AD3d 404, 405 [1st Dept 2011]; *Imero Fiorentino Assoc. v Green*, 85 AD2d 419, 420-421 [1st Dept 1982]).

Furthermore, the assertion that the agreement between LBM and plaintiff is invalid on account of the fact that plaintiff was fraudulently induced to enter into the agreement is not a ground to invalidate the arbitration provision, but rather presents a question for the arbitrator to determine (*see Information Sciences v Mohawk Data Science Corp.*, 43 NY2d 918, 919-920 [1978]; *see also Two Cent. Tower Food v Pelligrino*, 212 AD2d 441, 442 [1st Dept 1995]). Similarly, if, as alleged by the complaint, LBM is one of defendant's wholly controlled "shell" entities, defendant would be bound by the arbitration provision even as a non-signatory (*see Matter of Russian-Brazilian Holdings [Saraev]*, 197 AD2d 391 [1st Dept 1993]; *Matter of Sbarro Holding [Shiaw Tien Yuan]*, 91 AD2d 613 [2d Dept 1982]). Accordingly, the court correctly held that the causes of action set forth in the complaint were subject to the arbitration provision.

Moreover, even if there were no arbitration provision, the second cause of action for wrongful termination fails for the additional reason that plaintiff explicitly agreed to a one-year term of employment with LBM "unless earlier terminated pursuant to paragraph 8 below." Paragraph 8 (B) provides that plaintiff's employment could be terminated "without cause for any reason at any time."

The court correctly dismissed the cause of action under section 198 of the Labor Law. Notwithstanding plaintiff's contention, the employment agreement clearly states that he was hired as LBM's "Finance Director." Moreover, in the complaint, plaintiff states that he was recruited to be a "key employee" of LBM. Thus, "[p]laintiff's contention that he was not an executive is inconsistent with the allegations of his complaint and his title and employment contract and therefore insufficient to avoid dismissal of the cause of action" under Labor Law § 198 (*Schuit v Tree Line Mgt. Corp.*, 46 AD3d 405, 406 [1st Dept 2007]). In addition, it is uncontested that plaintiff earned in excess of $900 per week (Labor Law § 190 [7]). Plaintiff's contention that his responsibilities were not executive functions is of no moment (*see Taylor v Blaylock & Partners*, 240 AD2d 289, 292 [1st Dept 1997]). Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.