Holcombe v. US Airways Group, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

―――――――――――――――――――――――――――――

Fougere Holcombe,

> *Plaintiff-Appellee*,

v.                                                                        17-2758

Vladimir Matsiborchuk,

> *Interested Party-Appellant*,

US Airways Group, Inc., US Airways, Inc., (US Airways), International Association of Machinists and Aerospace Workers, Loretta Bove, Beth Holdren,

> *Defendants*.

―――――――――――――――――――――――――――――

FOR PLAINTIFF-APPELLEE:               RAYMOND NARDO, Law Office of Raymond Nardo, Mineola, NY.

**FOR INTERESTED PARTY-APPELLANT:**     VLADIMIR MATSIBORCHUK, *pro se*, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Townes, *J.*; Orenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Fougere Holcombe retained an attorney, Appellant Vladimir Matsiborchuk, to represent her in a disability discrimination lawsuit against her former employer. After six years, Holcombe retained a new attorney. Matsiborchuk moved for fees and costs, and Holcombe moved to extinguish his lien. The district court determined that Holcombe had discharged Matsiborchuk for cause and extinguished his lien. Matsiborchuk, proceeding *pro se*, appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decisions on attorney's fees for abuse of discretion. *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009). "A court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* (citation and internal quotation marks omitted).

The district court did not abuse its discretion by granting Holcombe's motion to extinguish Matsiborchuk's retaining lien and to deny Matsiborchuk's motion for attorney's fees. Under New York law, a client may discharge her attorney at any time, with or without cause. *Garcia v. Teitler*,

2

443 F.3d 202, 211 (2d Cir. 2006); *Campagnola v. Mulholland, Minion & Roe*, 555 N.E.2d 611, 614 (N.Y. 1990). When a client discharges her attorney for cause, "the attorney has no right to compensation or a retaining lien, notwithstanding a specific retainer agreement." *Id*. When the discharge is without cause, the attorney may recover fees on a quantum meruit basis. *Id*. "Poor client relations, differences of opinion, or personality conflicts do not amount to cause . . . ." *Garcia*, 443 F.3d at 212. But "impropriety or misconduct on the part of the attorney," *id.*, or the violation of a disciplinary rule is sufficient to show just cause, *Schultz v. Hughes*, 971 N.Y.S.2d 536, 538 (2d Dep't 2013); *see also Klein v. Eubank*, 663 N.E.2d 599, 601 (N.Y. 1996) (attorneys may retain liens where their representation terminated and "there has been no misconduct, no discharge for just cause and no unjustified abandonment by the attorney"). Improper threats to withdraw from representation or verbal abuse of a client can constitute misconduct. *See Brooks v. Lewin*, 853 N.Y.S.2d 286, 288 (1st Dep't 2008) (finding that attorney committed misconduct by threatening to withdraw from representation if client did not sign new retainer giving attorney additional compensation); *Matter of Heller*, 607 N.Y.S.2d 305, 308 (1st Dep't 1994) (suspending attorney for 5 years for verbally abusing clients, threatening them with harsh consequences if they discharged him, and failing to return unearned fees).

Here, the district court applied the correct legal standards. Although the district court relied primarily on non-binding authority to guide its examination of whether Holcombe discharged Matsiborchuk for cause, there was no error. The district court was correct that attorney misconduct, which includes the verbal abuse of a client or improper threats to withdraw, is sufficient to extinguish a lien.

3

Further, the district court's factual findings were not clearly erroneous. Holcombe testified, and documentary evidence corroborated, that Matsiborchuk was hostile and used insults such as "stupid" or "inept." He told Holcombe to obtain a law guardian or transfer her power of attorney because she was incapable of "functioning" in the case. Further, the evidence showed that Matsiborchuk sought to control the amount of her settlement demand and improperly threatened to withdraw from representing her in an attempt to control her decisions in the case.

Matsiborchuk argues that his suggestion that Holcombe obtain a law guardian or transfer her power of attorney and his threat to withdraw from the representation were not abusive, but rather ethical and proper. As the district court observed, however, the suggestion that Holcombe obtain a law guardian was made in an effort to force Holcombe to agree to his instructions or to give her power of attorney to someone more likely to be compliant. Moreover, while some of Matsiborchuk's threats to withdraw were based on the breakdown in communication, he also threatened to withdraw to force Holcombe to give him complete control over settlement.

Matsiborchuk argues that he did not interfere with Holcombe's right to accept a specific settlement offer and that he had merely expressed his legal opinion on the value of her damages. Even if a general threat to dictate a settlement demand is not misconduct, Matsiborchuk's other violations, particularly his abuse and improper threats to withdraw, do constitute misconduct. *See Brooks*, 853 N.Y.S.2d at 288; *Heller*, 607 N.Y.S.2d at 308.

Matsiborchuk's arguments that the magistrate judge and district court violated his due process rights are meritless. The magistrate judge did not prevent him from testifying. Matsiborchuk never said that he intended to testify, and he responded that he did not have any witnesses when asked by the magistrate judge. He asserts the magistrate judge improperly ended

4

his cross-examination for "laughing" at Holcombe, stating he did not actually laugh at her. The transcript shows, however, that Matsiborchuk said "I'm laughing because I don't understand."

Nor did the magistrate judge improperly exclude evidence of Holcombe's relationships with her prior attorneys. To the extent he challenges an evidentiary ruling, this argument is meritless. The magistrate judge did not abuse his discretion by excluding an exhibit that Matsiborchuk referred to as a list of attorneys, that was actually a collection of various letters and motions to withdraw by Holcombe's prior attorneys and a complaint Holcombe filed against one of those attorneys. *See United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014) (evidence must be authentic, and authenticity is determined by seeing if "the item is what the proponent claims it is." (quoting Fed. R. Evid. 901(a))); *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (reviewing evidentiary rulings for abuse of discretion). Insofar as Matsiborchuk argues it was error for the district court not to address his argument that Holcombe had a history of being a poor client, the district court addressed the issue of Holcombe's behavior as a client and noted that Matsiborchuk could have moved to withdraw.

Matsiborchuk also argues that the magistrate judge improperly acted as a corroborating witness and inappropriately answered for Holcombe when she was being cross-examined. The magistrate judge's observation that Matsiborchuk's demeanor during the hearing was "combative" and "intimidating," corroborating Holcombe's testimony to that effect, was neither improper nor clearly erroneous because other evidence supported the magistrate judge's finding that Holcombe was credible and Matsiborchuk was abusive. *Cf. Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed" (citation and internal quotation marks

5

omitted)). Further, the magistrate judge did not "answer" for Holcombe; he merely clarified whether Matsiborchuk had referred to a certain exhibit when Holcombe did not understand a question.

We have considered all of Matsiborchuk's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6