Empire Outlet Bldrs. LLC v Construction Resources Corp. of N.Y. (2019 NY Slip Op 02277)





Empire Outlet Bldrs. LLC v Construction Resources Corp. of N.Y.


2019 NY Slip Op 02277


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8788 656074/17

[*1]Empire Outlet Builders LLC, Plaintiff-Appellant,
v
Construction Resources Corp. of New York, et al., Defendants-Respondents.


Silverman Shin & Byrne, New York (Andrew V. Achiron of counsel), for appellant.
Law Office of Donovan L. Wickline, P.C., Brooklyn (Donovan L. Wickline of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 16, 2018, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the third through sixth, eighth, and ninth causes of action of the amended complaint pursuant to CPLR 3211(a)(1) and (7) and 3016(b), unanimously affirmed, without costs.
The court correctly dismissed the third cause of action (fraud against defendant Construction Resources Corp. of New York [CRC]) as duplicative of the first (breach of contract against CRC). Regardless of whether plaintiff sufficiently alleged breach of a duty independent of the Subcontractor Agreement, the fraud claim is duplicative because plaintiff will be fully compensated via the contract claim (see MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]). Plaintiff can recover more on the contract claim (the benefit of its bargain) (see id.) than on the fraud claim, on which it is limited to out-of-pocket loss (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
Plaintiff contends that the fraud claim is not duplicative of the contract claim because it seeks rescission of part of the Subcontractor Agreement as an alternate remedy on the fraud claim. However, the equitable remedy of rescission is not available where there is an adequate legal remedy, and plaintiff does not explain why damages — a legal remedy — would be insufficient (see Lantau Holdings Ltd. v General Pac. Group Ltd., 163 AD3d 407, 409 [1st Dept 2018]).
In addition to being duplicative of the first cause of action, the third cause of action — like the fourth (fraud against defendant Dawn Varrone, CRC's president) — was correctly dismissed for lack of reliance. The documentary evidence and plaintiff's own pleading show that plaintiff did not sign the Subcontractor Agreement in reliance on CRC's and Ms. Varrone's alleged misrepresentations that CRC's insurance complied with the Agreement; indeed, the documentary evidence contradicts plaintiff's allegation that Ms. Varrone — as opposed to CRC — made a misrepresentation (see Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000]). Rather, plaintiff signed based on its insurance broker's erroneous assurance that the insurance met the Agreement's requirements (see HSH Nordbank AG v UBS AG, 95 AD3d 185, 207 [1st Dept 2012]; Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [1st Dept 2006]; Sisler v Security Pac. Bus. Credit, 201 AD2d 216, 222 [1st Dept 1994], lv dismissed 84 NY2d 978 [1994]).
That Ms. Varrone did not make a misrepresentation, as noted above, is an additional reason for dismissing the fourth cause of action (see e.g. Zanett, 29 AD3d at 495).
Upon the dismissal of the fraud claims, the fifth and sixth causes of action (conspiracy to defraud and aiding and abetting fraud) must also be dismissed (see e.g. Mosaic Caribe, Ltd. v AllSettled Group, Inc., 117 AD3d 421, 423 [1st Dept 2014] [conspiracy]; McBride v KPMG Intl., 135 AD3d 576, 578 [1st Dept 2016] [aiding and abetting]). In any event, "conspiracy to commit [*2]a fraud is never of itself a cause of action" (Brackett v Griswold, 112 NY 454, 467 [1889]; see Hoeffner v Orrick, Herrington & Sutcliffe LLP, 85 AD3d 457, 458 [1st Dept 2011]).
The court correctly dismissed the eighth cause of action (unjust enrichment against CRC) because there exists an actual agreement between the parties (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]; Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012] ["unjust enrichment is not a catchall cause of action to be used when others fail"]). The court also correctly dismissed the ninth cause of action (unjust enrichment against Ms. Varrone and defendant Michael Varrone) (see Corsello, 18 NY3d at 790).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK