Silvergrove Advisors, LLC v Crosswing Holdings LLC (2019 NY Slip Op 04480)





Silvergrove Advisors, LLC v Crosswing Holdings LLC


2019 NY Slip Op 04480


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Friedman, J.P., Tom, Kapnick, Kahn, JJ.


9561 656061/17

[*1]Silvergrove Advisors, LLC, Plaintiff-Respondent,
v
Crosswing Holdings LLC, et al., Defendants-Appellants, Superior Crosslink Investments, L.P., Defendant.


The Ginzburg Law Firm, P.C., Fresh Meadows (Daniel Ginzburg of counsel), for appellants.
Feuerstein Kulick LLP, New York (David Feuerstein of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 1, 2018 which denied defendants Crosswing Holdings LLC, Asheesh Mahajan and Rajeev Sharma's (defendants) motion pursuant to CPLR 3211(a)(1) and (7) to dismiss so much of the complaint as seeks "a success fee for the Provident Bank line of credit," unanimously affirmed, without costs.
Defendant Crosswing retained plaintiff to assist it in securing financing, which ultimately took the form of an acquisition of Crosswing by defendant Superior Crosslink Investments, L.P., an entity formed by nonparty Superior Capital Partners LLC for purposes of this transaction. Liberally construing the complaint and presuming the allegations to be true (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]), we find that the complaint colorably alleges that a line of credit (LOC) acquired by Superior constitutes "Consideration" for purposes of calculating plaintiff's success fee under the engagement agreement.
Defendants failed to identify any documentary evidence or undisputed facts that conclusively establish a defense (see Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [1st Dept 2006]). They contend that Superior's "consolidation" of two existing Crosswing LOCs into a single credit facility cannot constitute "Consideration" as defined above. However, there is support in the record for plaintiff's contention that the new LOC was no mere consolidation, but rather imported superior terms of real and material benefit to defendants. Hence, the issue cannot be resolved on this motion on the pleadings.
Defendants contend that Superior did not assume or accept a transfer of any "funded debt" as part of the transaction. The parties dispute whether Section 5.03 of a "Contribution Agreement" proves or disproves Superior's obligation to pay on the new LOC. We do not find that Section 5.03, on its face, resolves this issue one way or the other.
Defendants contend that, as this was a change of control transaction, the engagement agreement's definition of "debt" did not apply, and instead a more restricted category of "funded debt" applied. Defendants maintain that "funded debt" is a well established term of corporate finance that means "[s]ecured long-term corporate debt," which necessarily excludes an LOC. Hence, defendants argue that the new LOC was not "funded debt" and could not constitute "Consideration" for purposes of the success fee. This argument does not avail them. First, the engagement agreement appears to define "funded debt" as a subset of the broader definition of "debt" applicable to debt and equity financing generally. It first defines "Consideration" very broadly to include all sorts of "debt." It then provides that, "in a change of control Transaction . . ., Consideration shall also include the total value of the funded debt assumed or transferred to the acquirer." Thus, "funded debt" is specified as debt in addition to, and not instead of, "debt" generally. Second, there is support in the record for plaintiff's contention that the new LOC, being secured and having a term of more than one year, in fact met defendants' definition.
In light of the foregoing, we need not reach defendants' contention that the value of the new LOC was not compensable under the engagement agreement as part of a "recapitalization" transaction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK