Matter of Trafelet v Cipolla & Co., LLC (2021 NY Slip Op 00274)





Matter of Trafelet v Cipolla & Co., LLC


2021 NY Slip Op 00274


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 653936/18 312168/15 Appeal No. 12889-12890&M-3056 Case No. 2020-02323 2019-05561 

[*1]In the Matter of Lara S. Trafelet, Petitioner-Appellant,
v
Cipolla & Co., LLC, Respondent-Respondent.
Lara S. Trafelet, Plaintiff-Appellant,
v
Remy W. Trafelet, Defendant. _ Buchanan Ingersoll & Rooney PC, NonParty Respondent.


Schlam Stone & Dolan LLP, New York (Erik S. Groothuis of counsel), for appellant.
Kaiser Saurborn & Mair, P.C., New York (David N. Mair of counsel), for Cipolla & Co., LLC, respondent.
Buchanan Ingersoll & Rooney PC, New York (Stephen J. Riccardulli of counsel), for Buchanan Ingersoll & Rooney PC, respondent.



Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered October 4, 2019, which, to the extent appealed from as limited by the briefs, granted nonparty respondent Buchanan Ingersoll & Rooney PC's motion to fix the amount of its charging lien against plaintiff based upon an account stated, unanimously affirmed, without costs. Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered on or about January 28, 2019, which denied the petition to stay arbitration (CPLR 7503[b]), unanimously affirmed, without costs.
Nonparty respondent Buchanan Ingersoll & Rooney PC (BIR) submitted proof that it entered into a retainer agreement with plaintiff and sent her regular invoices to which she did not object during the course of the firm's year-long engagement (see Bartning v Bartning, 16 AD3d 249, 250 [1st Dept 2005]). Contrary to plaintiff's contention, her subsequent counsel's vague and noncommittal statement in court questioning the propriety of BIR's bills was insufficient to constitute timely objection to BIR's account stated claim (see id.; LePatner & Assoc., LLP v Horowitz, 81 AD3d 472 [1st Dept 2011]).
Plaintiff's argument that she need not pay BIR because she discharged the firm "for cause" is similarly unavailing (see generally Brooks v Lewin, 48 AD3d 289, 291 [1st Dept 2008], lv dismissed in part, denied in part 11 NY3d 826 [2008]). Plaintiff's references to BIR's misconduct consist largely of a post hoc complaint that the firm pressured her into retaining forensic accountants Cipolla & Co, LLC, and incurred unnecessary legal fees. The record, however, shows that plaintiff — together with her father, a business executive, and a family friend who is an attorney actively encouraged BIR to pursue an aggressive litigation strategy, and that she, her father and the family friend were generally satisfied with the firm's representation. Among other things, BIR prosecuted a successful motion for interim fees that resulted in an award of $3.5 million, which this Court affirmed, finding that it was not "excessive or duplicative" given the complexity of the financial issues (Trafelet v Trafelet, 162 AD3d 518, 518-519 [1st Dept 2018]). In these circumstances, BIR did not forfeit its right to a charging lien on its account stated (see Klein v Eubank, 87 NY2d 459, 462 [1996]; Delaj v Jameson, 51 AD3d 450, 451 [1st Dept 2008], lv dismissed 11 NY3d 816 [2008]).
Plaintiff's argument that BIR violated the rules of 22 NYCRR part 1400 and its retainer agreement by failing to state the hourly rates in its invoices is improperly raised for the first time on appeal and this issue cannot be determined on this record, which presents factual issues, such as whether plaintiff implicitly waived the requirement (see e.g. Rivacoba v Aceves, 110 AD3d 495 [1st Dept 2013]) or was otherwise aware of BIR's rates.
We have considered plaintiff's remaining contentions with respect to BIR and find them unavailing.
With respect to petitioner's motion [*2]to stay the arbitration sought by respondent Cipolla & Co., LLC, the retainer agreements at issue contain a "Dispute Resolution" clause that provides in clear and unequivocal terms that any dispute that "arises out of" or "relates to" the engagement of Cipolla & Co., LLC as forensic accountants in petitioner's matrimonial action must be settled by arbitration (see Gangel v DeGroot, 41 NY2d 840, 841 [1977]). Furthermore, above the signature block appears another paragraph stating that petitioner has "read, understand[s] and agree[s] to the scope and terms of [the agreement]," and that "[s]hould a dispute arise with respect to this agreement, it is agreed that such dispute shall be resolved in accordance with the Dispute Resolution provisions contained herein." Given these broad and unambiguous arbitration provisions, the matter of Cipolla's unpaid fees is properly subject to arbitration.
Petitioner's contention that the agreements are unenforceable as the product of fraudulent, unconscionable, or overreaching conduct is not supported by the record (see Tong v S.A.C. Capital Mgt., LLC, 52 AD3d 386 [1st Dept 2008]; Lawrence v Graubard Miller, 48 AD3d 1, 6 [1st Dept 2007], affd 11 NY3d 588 [2008]). Petitioner had ample time to review the agreements before signing and to consult with independent counsel, if she so chose, as stated in the agreements. M-3056 Trafelet v Cipolla
Motion for stay denied as moot.
HIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021