## 69 Second Ave. LLC v 87 E. 4th St. Rest., Inc.

2024 NY Slip Op 34218(U)

November 26, 2024

Supreme Court, New York County

Docket Number: Index No. 655291/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. DEBRA A. JAMES__          PART   59

_Justice_

-------------------------------------------------------------------------X

69 SECOND AVENUE LLC,

                  Plaintiff,

           - v -

87 EAST 4TH ST. REST., INC.,VANESSA REALTY CORP.,
87 EAST 4TH STREET CO., INC., and SHLOMO MISHKIT

                Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655291/2020 |
| MOTION DATE | 06/01/2024 |
| MOTION SEQ. NO. | 001 003 |

**ORDER - AMENDED (MOTION RELATED) and DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for           __JUDGMENT - DEFAULT__ .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion to/for           __JUDGMENT - SUMMARY__ .

## ORDER

Upon the foregoing documents,

It appearing to the court that plaintiff is entitled to judgment on liability as to defendant Shlomo Mishkit and that the only triable issues of fact arising on plaintiff's motion for summary judgment as to such defendant relate to the amount of damages to which plaintiff is entitled, it is

ORDERED that the motion is granted with regard to liability as against defendant Shlomo Mishkit; and it is further

ORDERED that an immediate trial of the issues regarding damages shall be had before the court; and it is further

**655291/2020   69 SECOND AVENUE LLC vs. 87 EAST 4TH ST. REST., INC.**
**Motion No.  001 003**

**Page 1 of 4**

ORDERED that plaintiff shall, within forty-five (45) days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office and shall serve and file with such Clerk a note of issue and statement of readiness and shall pay the fee therefor, and such Clerk shall cause the matter to be placed upon the calendar for such trial before the undersigned; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the Order of January 19, 2022 resolving motion sequence number 001 in this action (NYSCEF Doc. No. 015) is vacated, resettled and corrected, <u>nunc pro tunc</u>, pursuant to CPLR § 5019(a) [see <u>Kiker v Nassau County</u>, 85 NY2d 879 (1995)] as follows:

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED and ADJUDGED that plaintiff's motion is granted on default and the inquest on damages, including rent and reasonable attorneys' fees to be assessed against defendants 87 East 4th St Rest, Inc., Vanessa Realty Corp, and 87 East 4th Street Co, Inc,

shall take place at the trial of the assessment of damages against defendant Mishkit.

## DECISION

In this action for breach of commercial lease extension agreement (NYSCEF Doc. No. 061, plaintiff 69 Second Avenue LLC (69 Second) moves for summary judgment against the defendant Shlomo Mishkit ("Mishkit").

On December 8, 2005, the lease extension was executed by Mishkit as President of 87 East 4th St. Rest., Inc., d/b/a Cucina Di Pesce ("87 East").  However, in opposition to the motion at bar, Mishkit contends that the wrong entity was listed on the lease extension and that he is not personally responsible for the rent due under the lease, "[d]espite technically being the owner on paper", NYSCEF Document No 73, p. 2, Mishkit affirmation, para. 6. Mishkit contention that co-defendant Vanessa Realty Corp ("VRC") is the actual responsible party does not change the fact that he entered into the lease extension  as a signatory of a nonexistent corporate entity.  As argued by plaintiff, the records of the New York State Secretary of State demonstrate that no such entity known as 87 East ever existed.  See NYSCEF Doc No 067, NYS Department of State, Division of Corporations, Entity Search Results.

> As a [principal] executing a contract on behalf of nonexistent corporate entities, defendant's personal liability under the agreements is presumed, and the plain language of the agreement here cannot be read to have absolved defendant of such personal liability.

[* 3]

[* 4]

<u>Geron v Amritraj</u>, 82 AD3d 404, 405 (1st Dept 2011).  <u>See</u> <u>also</u> <u>McDonald v McBain</u>, 99 AD3d 436, 437 (1st Dept 2012). Mishkit's contention that VRC was the party that was operating and benefitting from the restaurant is of no moment.

20241126162905DJAMES4A4ACC2E2A0748AC941DB46CD42F140E

| **11/26/2024** | | | | | |
| --- | --- | --- | --- | --- | --- |
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |